Elsinor Prouty MALLORY, Plaintiff-Appellee,

v.

CITIZENS UTILITIES COMPANY, Defendant-Appellant.

No. 366, Docket 29006.

United States Court of Appeals
Second Circuit.

Argued Jan. 29, 1965.

Decided March 12, 1965.

Frederick J. Fayette, Burlington, Vt. (Kenneth P. Akey, Burlington, Vt., on the brief), for plaintiff-appellee.

Milton S. Gould, New York City, Clifton G. Parker, Morrisville, Vt. (Shea, Gallop, Climenko & Gould, and Norman Solovay, New York City, on the brief), for defendant-appellant.

Before WATERMAN, SMITH and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

In 1962, and for a number of years prior thereto, litigation had been carried on both in the courts of the State of Vermont and in the United States District Court for the District of Vermont between Charles T. Prouty, et al. (referred to as the Prouty heirs, including Elsinor Prouty Mallory, the appellee), and Citizens Utilities Co., the appellant (referred to as the Utilities Co.), concerning the acquisition of a large tract of land on both sides of the Clyde River in Orleans County, Vermont. In 1962 there was pending in the United States District Court for the District of Vermont a suit by the Prouty heirs seeking specific performance of an agreement by the Utilities Co. to purchase the property for $300,000. On August 9, 1962 the appellee entered into a separate agreement with the Utilities Co. to sell to it her undivided one-fourth interest for $11,250. On September 12, 1962 the District Court gave judgment in favor of the Prouty heirs requiring the Utilities Co. to pay them $300,000. On appeal from that decree this court affirmed, one judge dissenting, 321 F.2d 34 (1963). Mrs. Mallory, thus convinced that at the time she made her separate contract her quarter interest was actually worth $75,000, brought the instant action in the District Court to set aside the 1962 contract and to cancel the deed given by her to the Utilities Co. on the ground that the contract was fraudulently induced or was otherwise unconscionable. A jury returned a special verdict in favor of the plaintiff and judgment was entered accordingly, from which the Utilities Co. has taken the present appeal.

■ Since the suit is an equitable action for rescission of a contract, the issues were triable by the court, and the jury called by the court was only advisory under Rule 39(c) of the Federal Rules of Civil Procedure. Liberty Mut. Ins. Co. v. Gerald, 170 F.2d 917, 919 (5th Cir. 1948).

■ When an advisory jury is used, the "review on appeal is from the court's judgment as though no jury had been present." (American) Lumbermens Mut. Casualty Co. of Illinois v. Timms & Howard, 108 F.2d 497, 500 (2d Cir. 1939); Reed v. Riddle Airlines, 266 F.2d 314, 319 (5th Cir. 1959); 5 Moore, Federal Practice, ¶39.10 at 725–726 (2d ed. 1964).

■ Rule 52(a) of the Federal Rules directs the court to make findings of fact and conclusions of law in all actions tried upon the facts without a jury or with an advisory jury. 5 Moore, Federal Practice, ¶52.01 [5], at 2606 (2d ed. 1964). But failure to comply with the duty to make findings does not automatically require reversal; for example, where the record clearly illuminates the questions presented without the aid of separate findings, a judgment entered in accordance with the advisory verdict may be affirmed. Hurwitz v. Hurwitz, 78 U.S. App.D.C. 66, 136 F.2d 796, 799, 148 A.L. R. 226 (1943). In the present case, however, a finding by the court is necessary.

■ In the course of the trial and over objections, the appellee was permitted to testify to privations suffered by her on a trip to California in 1961, as well as to her depressed economic circumstances during the year of her stay out west. This testimony, emphasized by her attorney in his remarks to the jury, was irrelevant in that it was never claimed or shown that the appellant knew of these hardships. It was improperly admitted and was unquestionably prejudicial. Had this case been tried to the court alone, the erroneous admission of evidence might not have been reversible error, for it is presumed, absent a clear showing to the contrary, that the trial judge relied only on proper evidence in making his findings. United States v. 396 Corp., 264 F.2d 704, 709 (2d Cir. 1959). But here, where the case was tried before an advisory jury and the court entered judgment pursuant to the verdict which the jury returned, without any clarifying statements by the court, we cannot indulge in the presumption that the jury and, by implication, the judge did not

rely on the improper testimony. By not knowing what the facts were which the court relied upon in concluding that the contract was unconscionable, this court is not in a position to pass upon the issues raised on the appeal.

The judgment of the district court is set aside and the case is remanded with instructions to make findings of fact, conclusions of law and entry of judgment thereon.