Olleen Anderson **DURHAM,** Administra-
trix of the Estate of Raymond Elvin
Durham, Plaintiff,

v.

**SOUTHERN RAILWAY COMPANY,** Car-
olina and Northwestern Railway Com-
pany, and S. H. Knight Oil Company,
Incorporated, Defendants.

**Civ. A. No. 66–C–7–D.**

United States District Court
W. D. Virginia,
Danville Division.

July 30, 1966.

See also D.C., 254 F.Supp. 813.

William H. Smith, Garrett, Garrett &
Smith, Danville, Va., for plaintiff.

Edwin B. Meade, Meade, Tate &
Meade, Danville, Va., for defendants
Southern Ry. Co. and Carolina & North-
western Ry. Co.

Joseph M. Winston, Jr., Clement,
Wheatley, Winston & Craig, Danville,
Va., Norwood E. Robinson, Bethea, Rob-
inson & Moore, and Price, Osborne &
Johnson, Leaksville, N. C., for defendant
S. H. Knight Oil Co.

## OPINION

DALTON, Chief Judge.

On August 24, 1965, plaintiff's intes-
tate, a railroad employee, was killed when
the diesel locomotive on which he was
riding collided with a tanker truck and
tractor trailer belonging to S. H. Knight
Oil Company, Incorporated (hereinafter
referred to as "Knight"). The collision
occurred in the City of Leaksville, North
Carolina at the railroad crossing known
as East Church Street Crossing. Plain-
tiff has instituted this action against
Southern Railway Company (hereinafter
referred to as "Southern"), the owner
of the diesel engine, Carolina and North-
western Railway Company (hereinafter
referred to as "Carolina and Northwest-
ern"), the operator of the train and lessee
of the tracks, and Knight, the owner

of the tractor trailer unit which collided with the train.

Southern has moved for a summary judgment dismissing this action as to it, alleging that the diesel locomotive in question was leased by it to Carolina and Northwestern at the time of the accident and that all members of the train crew involved, including the deceased, were employees of Carolina and Northwestern rather than Southern. A supporting affidavit has been filed, and defendant Carolina and Northwestern concurs with Southern's conclusions.

Plaintiff, on the other hand, contends that since Carolina and Northwestern is a subsidiary of Southern, its actions are the actions of the parent who is ultimately responsible therefor. It is further urged that Raymond E. Durham was, in fact, an employee of Southern at the time of his death.

For the reasons which follow, the court will grant Southern's motion for summary judgment and dismiss that company as a defendant in this action.

It should be noted at this point that the Southern Railway *Company* and the Southern Railway *System* are two entirely different things. The latter is a name applied to an association of railroads. The Southern Railway Company and the Carolina and Northwestern Railway Company are two of the entities which comprise the Southern Railway System.

In opposition to the motion for summary judgment, plaintiff relies strongly on the case of Southern Ry. Co. v. Crosby, 201 F.2d 878, 36 A.L.R.2d 1186 (4th Cir. 1953). This case involved an action under FELA for the death of a railroad brakeman. Southern claimed that it should be relieved of all responsibility as the deceased was working for the Yadkin Railroad, a subsidiary of Southern, at the time of his death. The question for decision was whether there was substantial evidence for the trial court's holding that Crosby was working for the Southern Railway Company when he was killed. The Court of Appeals for the Fourth Circuit answered in the affirmative, saying that a sufficient reason for so deciding was the failure of Southern to deny the employment relationship when an admission relative thereto was demanded pursuant to Federal Rule 36. (That rule provides that all facts not denied in the manner set out therein will be deemed admitted.) However, the Court went on to say in dictum that even without this procedural failure, the facts of the case indicated that the deceased was an employee of Southern. Apparently, Crosby had been employed by Southern for many years, but at the time of his death he was rendering services to Yadkin, a line maintained by Southern only for accounting purposes, and was being paid by that company. Yadkin owned no rolling stock and the few trains which ran over its lines were operated by employees of Southern who were under the exclusive control of that railroad. Crosby had been assigned (apparently temporarily) to work on the Yadkin shortly before the fatal accident, an assignment which he could not have refused. The business being handled by the train at the time of the brakeman's death was business of the Southern.

■ Manifestly, the facts of *Crosby* set it apart from the case at bar. While Carolina and Northwestern is a member of the Southern Railway System, it is none the less a separate corporate entity, operating independently of the parent. See: New Orleans & Northeastern R. R. v. Hewett Oil Co., 341 F.2d 406 (5th Cir. 1965). The mere fact that Southern owns a majority (or even all) of the stock of Carolina and Northwestern and that there is an identity of officers of one with officers of the other is not sufficient to hold the subsidiary to be a mere alter ego of the parent. Garrett v. Southern Ry., 278 F.2d 424 (6th Cir. 1960); Kentucky Elec. Power Co. v. Norton Coal Min. Co., 93 F.2d 923 (6th Cir. 1938). See also Shields v. Atlantic Coast Line R. R., 220 F.2d 242 (5th Cir. 1955), which decided that Southern, as holding company, was not the alter ego of the New Orleans and Northeastern Railroad

Company, one of the members of the Southern System. The last mentioned case cites *Crosby* and says that it is inapplicable to a situation, such as the one there involved, where Southern had nothing to do with the handling of the cars involved in the accident.

The court believes that the facts of this case warrant a holding that Carolina and Northwestern, though a member of the Southern Railway *System,* was an entity separate and distinct from the Southern Railway *Company.* It is true that the accounting for both railroads is handled through the same office, as part of the Southern Railway System, and that the Southern Railway Company owns a great majority of the stock of Carolina and Northwestern. However, Carolina and Northwestern owns rolling stock (part of which includes eight engines), equipment, real estate, rights of way, and has entered into contracts for spur tracks, switches, and side tracks in the operation of a railroad in its own name. (Tr. 78). The two corporations hold separate shareholders meetings and, although there is a partial identity of directors between the two, there are six top officers of Southern who are not also officers of Carolina and Northwestern. (Tr. 78). The employees of Carolina and Northwestern are employed by that company and not by Southern.

Raymond E. Durham's salary checks were headed "SOUTHERN RAILWAY SYSTEM" and were payable through the Treasurer of the Southern Railway Company. This is merely another example of the consolidation of certain operations, for the purpose of greater efficiency, of the railroads which make up the Southern Railway System. This is the very reason for having the System in the first place, and it certainly does not make every member liable for every act of all other members.

The court is satisfied that the affidavits and other evidence introduced that all of the alleged acts upon which plaintiff bases her claim for damages were acts either of the Carolina and Northwestern or of Knight Oil Company.

Since Southern and Carolina and Northwestern are separate corporate entities, the former cannot be held responsible for negligent acts of the latter. This is not a case for disregarding the corporate entity in order to prevent injustice—the fact that a jury might return a larger verdict against Southern than it would against Carolina and Northwestern is certainly no reason for doing so. Neither is this a situation, such as presented in the *Crosby* case where the subsidiary is little more than a sham, operated under the exclusive control and direction of the parent through the medium of assignment of employees of the parent for the operations of the subsidiary. Carolina and Northwestern is, in all respects (including financially) independent of Southern (See Railroad Exhibit 6, the Sixty-Eighth Annual Report of the Carolina and Northwestern Railway Company for the year ended December 31, 1965).

An order will be entered dismissing Southern as a party to this action.