CHICAGO AND NORTH WESTERN RAILWAY COMPANY, and Railway Transfer Company of the City of Minneapolis, Appellants,

v.

MINNESOTA TRANSFER RAILWAY COMPANY, Appellee.

No. 18364.

United States Court of Appeals Eighth Circuit.

Jan. 30, 1967.

Philip Stringer, of Stringer, Donnelly, Sharood & Stringer, St. Paul, Minn., for appellants, Arthur J. Donnelly, R. Paul Sharood and Edward C. Stringer, St. Paul, Minn., on the brief.

Vance B. Grannis, Sr., of Grannis & Grannis, South St. Paul, Minn., for appellee, Gordon Forbes, St. Paul, Minn., on the brief.

Before MATTHES and LAY, Circuit Judges, and HARPER, District Judge.

## PER CURIAM.

██ This is an appeal from a judgment allowing contribution under Minnesota law. The case below was tried to the court, who called an advisory jury, and then the trial judge made findings of fact consistent with the jury's special findings. Error is suggested by reason of the instructions given to the advisory jury. The trial court was at liberty to accept or reject the advisory verdict. The jury was called simply to assist the trial judge to make factual findings, which are set forth in his opinion. We need only consider the lower court's find-

ings on this appeal. Frostie Company v. Dr. Pepper Co., 5 Cir., 361 F.2d 124; Mallory v. Citizens Utilities Co., 2 Cir., 342 F.2d 796.

Appellee is the Minnesota Transfer Railway Co., hereinafter referred to as Minnesota. Minnesota was found to be the employer of the decedent, George J. Auer, who was killed in the park yard while working in Minneapolis on the evening of November 23, 1964. Decedent's representative brought suit against appellee under the Federal Employer's Liability Act for negligence resulting in his death. Appellee impleaded the Chicago and North Western Railway Company and the Soo Line Railroad Company. Prior to trial Minnesota amended its third party complaint to include an additional third party defendant, Railway Transfer Company of Minnesota,[1] a subsidiary of North Western Railway and lessee of the park yards under an agreement with North Western.

Prior to trial appellee settled with decedent's representatives for $25,000.00. The trial proceeded on the third party complaint before Judge Larson with the advisory jury. The lower court found that both North Western Railway and Railway Transfer shared common negligence with the appellee,[2] that decedent was not contributorily negligent, and that contribution against both appellants under Minnesota law was required. We affirm.

The accident occurred in the park yard used by various railroads and some industries for interchange of cars from one carrier to another. Decedent was engaged in connecting air hoses in the

---

1. Railway claims there was no court order permitting its joinder under Rule 14(a), no summons, no answer filed and therefore no jurisdiction over them. Appellee states "this contention comes as a complete surprise." Appellee submits there was an agreement, evidently not of record, whereby the trial would proceed with North Western's counsel representing both Railway and North Western, that Railway could file an answer with any defense it chose and partake in the trial accordingly. Railway did participate

throughout the trial, moving for a directed verdict, voicing objections and requesting instructions. There is no record that Railway even raised this claim before the lower court. There is no merit to appellant's jurisdictional defense. It has made a general appearance below.

2. The trial court held Minnesota negligent for inadequate supervision and instructions of safety. In accordance with the jury's special finding of no negligence, Soo Lines was dismissed.

yard on the evening of the accident. He was seen early in the evening by the crew of the North Western engine, staffed with employees of both Railway and North Western. One of the crew (Railway's employee) mentioned they would look out for him on another track as they did their switching and shunting of cars. This was the only engine in the yard. The only light used by the decedent was his small lantern. During the course of the evening appellants placed ten or eleven cars on track three. Early in the evening one of the crew (Railway employee) who took orders from the yard foreman (North Western employee), while working with the North Western engine (operated by a North Western employee), saw "a light" on track three. He did not investigate it. They continued to shunt cars onto the track until about eleven o'clock. Thereafter, they investigated the light and found Auer's body nearby and his lamp adjacent to the track. The park yard was not lighted. Blood was discovered on eight of the cars which had been shunted onto the tracks.

 Negligence and causal connection has been shown by circumstantial proof in similar cases. See, e. g., Kludzinski v. Great Northern Ry., 130 Minn. 222, 153 N.W. 529. Appellants owed a duty to decedent to exercise reasonable care in their switching operation. Allen v. Wis. Cent. Ry. Co., 107 Minn. 5, 119 N.W. 423; Boos v. Minn., St. P. & S. S. M. Ry. Co., 127 Minn. 381, 149 N.W. 660.

Under Minnesota law switching movements for one engine in a yard requires a different degree of care than situations where there are many engines. Thayer v. Hines, 145 Minn. 240, 176 N.W. 752 at 753–754. Compare the rule, where multiple engines operate, Weireter v. Great Northern Ry. Co., 146 Minn. 350, 178 N. W. 887.

 The trial judge found both Railway and North Western guilty of joint and several acts[3] of negligence which was a proximate cause of the accident and death. Appellants' conduct demonstrates a disregard of reasonable care in failing to warn decedent and in failing to maintain a proper lookout. The trial judge also implies there was sufficient evidence to support a finding of negligence because of improper lighting in the yard itself.[4] Cf. Gonyea v. Duluth, Missabe & Iron Range Ry. Co., 220 Minn. 225, 19 N.W.2d 384. The trial court adopted the finding of the advisory jury that the decedent was not guilty of contributory negligence. See Kludzinski v. Great Northern Ry., supra. Where the trial court's findings are not "clearly erroneous" under Rule 52(a), we cannot reverse. United States v. United States Gypsum Co., 333 U.S., 364, 68 S.Ct. 525, Cole v. Neaf, 8 Cir., 1964, 334 F.2d 326. We feel there was sufficient evidence to support the lower court's finding.

 Since there existed no finding of contributory negligence of decedent, there was "common liability"[5] and the

---

3. Appellants' reliance upon the recent case of Durham v. So. Ry. Co., 256 F.Supp. 879 (W.D.Va.) is misplaced. There, all members of the train crew were employees only of the subsidiary road, whereas, in the case at bar, employees of both North Western and Railway were on the crew. The trial court makes no finding that North Western's liability arises from vicarious responsibility of Railway's negligence.

4. Although Railway was the lessee of the yards from North Western, under the existing contracts and circumstances of use the duty to provide proper lighting was either Railway's alone or both Rail-

way's and North Western's. Since the trial court made findings of fact against both appellants on other grounds of negligence the exact definition of appellants respective scope of duty, as to the issue of lighting, is unnecessary.

5. The trial court follows the advisory jury's findings that neither appellant was the employer of Auer. Although their liability does not arise under the Federal Employer's Act they still owe a duty to use reasonable care to avoid harm to him. See Chicago, R. I. & P. R. Co. v. Chicago & N. W. Ry. Co., 8 Cir., 280 F.2d 110; Lowden v. Hanson, 8 Cir., 134 F.2d 348.

judgment for contribution of both appellants was proper under Minnesota law. Zontelli Bros. v. Northern Pac. Ry. Co., 8 Cir., 263 F.2d 194; Chicago Great Western Ry. Co. v. Casura, 8 Cir., 234 F.2d 441.

Judgment affirmed.