Richard E. SKOLDBERG, Administrator ad prosequendum of the Estate of William John Skoldberg a/k/a William John Skolberg and William J. Skoldberg, and Richard E. Skoldberg, Barbara Skoldberg, Richard Eric Skoldberg and John William Skoldberg, individually, Plaintiffs,

v.

Anthony VILLANI, The Estate of Robert Villani, Deceased, Buchanan Marine, Inc., and the Motor Vessel, Jane S, her engines, boilers, etc., and the Motor Vessel, Yellow Rose, her engines, boilers, etc., Donzi Marine, Inc., Ocean Beach Marina, Inc., and Flagship Marine Engine Co., Inc., Defendants.

In the Matter of the Complaint of Anthony VILLANI, as Owner of the vessel Yellow Rose for Exoneration from or Limitation of Liability.

Anthony VILLANI,
Third-Party Plaintiff,

v.

DONZI MARINE, INC., Ocean Beach Marina, Inc. and Flagship Marine Engine Co., Inc., Third-Party Defendants.

Nos. 83 Civ. 7787, 83 Civ. 9168 and 84 Civ. 4402.

United States District Court,
S.D. New York.

Feb. 4, 1985.

Bruce S. Koppel, Scarsdale, N.Y., for claimants Skoldberg.

Newman & Schlau, P.C., New York City, for petitioner Anthony Villani.

Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for Buchanan Marine, Inc.

Boal, Doti & Larsen, New York City, for Estate of Robert Villani.

Sutera, Siracuse & Sutera, P.C., New York City, for third-party defendant Ocean Beach Marina, Inc.

Baumann & Rickenwald, Oceanside, N.Y., for third-party defendant Flagship Marine Engine Co., Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for Donzi Marine, Inc.

John F. McHugh, Healy & McCaffrey, New York City, for Anthony Villani.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff concedes that this action arises under the Court's general maritime jurisdiction. *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978) (28 U.S.C. § 1332 requires complete diversity); *see also Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972) (scope of maritime jurisdiction); *Kelly v. United States,* 531 F.2d 1144, 1146–47 (2d Cir.1976) (same); *Kayfetz v. Walker,* 404 F.Supp. 75 (D.Conn.1975) (same). In the absence of any basis of jurisdiction other than 28 U.S.C. § 1333, plaintiff is not entitled to a jury trial as a matter of right; on the contrary, the "time-sanctioned" rule is that general maritime claims be tried to the Court. *See Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 20–21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963); *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 369, 79 S.Ct. 468, 478, 3 L.Ed.2d 368 (1959); *Powell v. Offshore Navigation, Inc.,* 644 F.2d 1063, 1068 (5th Cir.), *cert. denied,* 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981); *Mahramas v. American Export Isbrandtsen Lines, Inc.,* 475 F.2d 165, 172–73 (2d Cir.1973); *Matter of Berkley Curtis Bay Co.,* 569 F.Supp. 1491, 1493 (S.D.N.Y.1983); *Red Star Towing & Transportation Co. v. "Ming Giant,"* 552 F.Supp. 367, 371 (S.D.N.Y.1982); *Camrex (Holdings) Ltd. v. Camrex Reliance Paint Co.,* 90 F.R.D. 313, 317 (E.D. N.Y.1981). Indeed, plaintiff does not claim a right to a jury trial. Rather, the issue is whether the Court should exercise its discretion and empanel an advisory jury pursuant to Fed.R.Civ.P. 39(c). The function of an advisory jury is solely to enlighten the conscience of the Court. An advisory verdict has no binding effect upon the Court; indeed, whether the Court accepts or rejects an advisory verdict, the Court is required by Fed.R.Civ.P. 52(a) to make its own findings of fact and conclusions of law, which alone form the basis of appeal. *See Mallory v. Citizens Utilities Co.,* 342 F.2d 796, 797 (2d Cir.1965); *(American) Lumbermens Mutual Casualty Co. v. Timms & Howard, Inc.,* 108 F.2d 497, 500 (2d Cir.1939). Thus, at bottom, the question is whether there are special factors in this action which suggest that a jury composed of members of the community would provide the Court valuable guidance in making its own findings and conclusions. Plaintiff contends that the calculation of damages, which here may involve loss of society and pain and suffering as well as pecuniary loss, *see Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 583–92, 94 S.Ct. 806, 814–18, 39 L.Ed.2d 9 (1974), is particularly within the competence of a jury. Although some elements of damages may involve a more subjective evaluation than others, plaintiff's argument for an advisory jury is not persuasive. Whatever value the views of a jury may have is diminished by the fact that the Court must still come to its own judgment in accordance with Fed. R.Civ.P. 52(a). Moreover, the elements of pecuniary loss, a major portion of any damage award, have been set forth in detail elsewhere by this Court and can be readily calculated according to familiar and well developed formulae. *See Petition of Marina Mercante Nicaraguense, S.A.,* 248 F.Supp. 15, 25–36 (S.D.N.Y.1965), *mod.,* 364 F.2d 118 (2d Cir.1966), *cert. denied,* 385 U.S. 1005, 87 S.Ct. 710, 17 L.Ed.2d 803 (1967). The role the subjective judgment of the fact-finder would play in determining a possible damage award simply does not justify the additional time and expense involved in presenting this case to a jury, whose verdict in any event would only be advisory. Accordingly, plaintiff's motion for a jury trial, as joined by defendant Estate of Villani, is denied.

So ordered.