**Mikel W. HOUSTON, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 93–2110.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 29, 1993.

Decided Nov. 18, 1993.

William McNova Howard, Jr., Pine Bluff, AR, argued, for appellant.

Olan W. Reeves, Little Rock, AR, argued (Winston Bryant and Olan W. Reeves, on the brief), for appellee.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Mikel W. Houston is serving a life sentence for raping his twelve-year-old daughter. In *Houston v. Lockhart,* 982 F.2d 1246 (8th Cir.1993) (en banc), we reversed the denial of his petition for a writ of habeas corpus and remanded for an evidentiary hearing to determine whether Houston's trial counsel provided ineffective assistance in failing to obtain written confirmation of an alleged oral agreement that polygraph test results would be admissible at Houston's trial, or in failing to offer the test results at trial. Following an evidentiary hearing on remand, the district court [1] entered judgment dismissing Houston's habeas petition. Houston appeals. We affirm.

At the hearing, Houston testified that his counsel and the prosecutor orally agreed in the trial judge's presence to admit polygraph test results into evidence, and the judge "blurted out that he didn't have any problems if they both agreed." Houston then took the polygraph test, which indicated that he had truthfully denied the alleged rape. *See* 982 F.2d at 1248. However, on the day of trial, counsel told Houston that the favorable test results would not be admitted, and the subject never came up at trial.

Houston's counsel testified that it was his strategy to have Houston take a polygraph test and, if the results were favorable, to urge the prosecutor to agree that polygraph tests of both Houston and his daughter would be admissible at trial. Houston took the test, the results were favorable, but the prosecutor then refused to enter into the agreement. Counsel did not offer the favorable test results at trial because they were inadmissible under Arkansas law absent the prosecutor's agreement. Counsel testified that he proposed this agreement in the prosecutor's office, not in the trial judge's presence.

The prosecutor testified that Houston's counsel had proposed such an agreement in her office, and she had flatly rejected it. She did not recall this subject being raised either in the trial judge's presence or at trial. The trial judge also testified, stating that he could not recall any discussion of polygraph tests in his presence; if he had been advised of an oral agreement to admit polygraph test results at trial, "I would have instructed counsel to put it in writing before I would even consider it."

The district court found that there was no oral or written agreement between Houston's counsel and the prosecutor to admit polygraph test results at trial. Because such evidence is not admissible in Arkansas absent agreement by the parties, the court concluded that counsel was not ineffective in failing to offer Houston's favorable test results at trial.

■ On appeal, Houston argues that his trial counsel's testimony was not credible because it would make no sense to have Houston take a polygraph test without "some type of agreement" that the results would be admissible. Noting that the other witnesses could not recall what happened and "had motives for testifying in the manner that they did," Houston argues that the district court erred in not accepting his testimony that an agreement was reached in the trial judge's presence. This is an issue of credibility. "[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). After careful review of the record, we conclude that the district court's finding that there was no agreement between counsel and the prosecutor that polygraph test results would be admissible is not clearly erroneous.

■ Having failed to obtain an oral agreement from the prosecutor, Houston's counsel cannot be criticized for failing to reduce that agreement to writing. Without an agreement of any kind, the polygraph test results

---

1. The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas.

were clearly inadmissible under Arkansas law, and any attempt by counsel to offer them at trial would have been futile. *See* 982 F.2d at 1251. In these circumstances, we agree with the district court that Houston failed to prove that his trial counsel provided professionally unreasonable service, and thus his ineffective assistance claim must be dismissed. *See Chandler v. Armontrout,* 940 F.2d 363, 365 (8th Cir.1991).

The judgment of the district court is affirmed.