20 F.3d 357
 28 Fed.R.Serv.3d 994
 Joyce GRAGG, Personal Representative of the Estate of LeRoy
Gragg, Plaintiff-Appellant,
v.
CITY OF OMAHA, a Municipal Corporation; Brenda J. Smith,
Defendants-Appellees,
Transit Authority of the City of Omaha, doing business as
Metro Area Transit, Defendant.
Joyce GRAGG, Personal Representative of the Estate of LeRoy
Gragg, Plaintiff,
v.
CITY OF OMAHA, a Municipal Corporation; Brenda J. Smith,
Defendants-Appellees,
Transit Authority of the City of Omaha, doing business as
Metro Area Transit, Defendant-Appellant.
 Nos. 93-1587, 93-2256.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 11, 1993.
Decided April 5, 1994.
 
 Daniel W. Ryberg, Omaha, NE, argued for appellant.
 Thomas O. Mumgaard, Omaha, NE, argued (Herbert M. Fitle and Mary M. Elliston, on the brief), for appellee.
 Before FAGG and WOLLMAN, Circuit Judges, and WRIGHT,* District Judge.
 PER CURIAM.
 
 
 1
 Off-duty City of Omaha police officer Brenda J. Smith saw a city bus drive over a sidewalk, knock a man to the ground, and drive away. Smith believed she had witnessed a hit-and-run personal injury accident. Unknown to Smith, the man was a passenger who got off the bus after pointing a gun at the bus driver. Seeing the man stand up and jog after the bus, Smith believed the man was trying to let the bus driver know the bus had hit him. By the time Smith turned her automobile around to follow the bus, Smith lost sight of the man and assumed he was not injured but had given up his chase. When Smith stopped the bus about eleven blocks away, driver LeRoy Gragg told Smith the man was an angry former passenger who had threatened him with a gun. Gragg did not tell Smith the man was chasing the bus or suggest to Smith that Gragg was in a position of danger. Smith walked a short distance to telephone for police backup. While Smith was speaking to the police dispatcher, the man jogged up to the bus and fatally shot Gragg. The man was later convicted of second-degree murder.
 
 
 2
 Alleging Smith was responsible for Gragg's death, the personal representative of Gragg's estate (the estate) brought a civil rights claim against Smith under 42 U.S.C. Sec. 1983 (1988) and a negligence claim against the City and Smith under the Nebraska Political Subdivisions Tort Claims Act, Neb.Rev.Stat. Secs. 13-901 to 13-926 (1991 & Cum.Supp.1992). The Transit Authority of the City of Omaha was named a party to preserve its subrogation rights for workers compensation paid to the estate. See Neb.Rev.Stat. Sec. 48-118 (1988).
 
 
 3
 The case came to trial on both theories of recovery. After the second day of trial but before the case was submitted to the jury, the district court decided the estate had no constitutional right to a jury trial on the negligence claim because Nebraska law does not allow jury trials for tort claims against municipalities. See Gragg v. City of Omaha, 812 F.Supp. 991, 992 (D.Neb.1993). The district court thus ruled the jury's verdict on the negligence claim would be advisory instead of binding. Id. The jury returned verdicts in Smith's favor on the Sec. 1983 claim and in the estate's favor on the negligence claim. Rejecting the jury's advisory verdict on the negligence claim, the district court made its own contrary findings under Federal Rule of Civil Procedure 52(a) and entered judgment against the estate on both claims. Gragg, 812 F.Supp. at 993-96, 999. The estate and the Transit Authority appeal the district court's judgment on the negligence claim. We affirm.
 
 
 4
 Relying on the City and Smith's failure to move to strike the estate's jury demand before trial, the estate and the Transit Authority contend the district court erroneously ruled the jury's verdict on the negligence claim would be only advisory. On appeal, the estate does not contend that it has a constitutional right to a jury trial on the negligence claim. Instead, the estate argues the district court abused its discretion in responding to the City and Smith's belated challenge to the estate's jury demand. The district court's authority to order the advisory jury, however, did not depend on the City and Smith's actions. Having concluded the negligence claim was not triable of right to a jury, the district court properly exercised its initiative under Federal Rule of Civil Procedure 39(c) to try the claim with an advisory jury. See United States v. Schoenborn, 860 F.2d 1448, 1455 (8th Cir.1988).
 
 
 5
 The estate and the Transit Authority also contend the district court erroneously rejected the jury's finding that Smith was negligent in leaving Gragg unprotected on the bus while Smith called for police backup. We disagree. The district court was free to accept or reject the jury's advisory verdict in making its findings, Chicago & N.W. Ry. Co. v. Minnesota Transfer Ry. Co., 371 F.2d 129, 130 (8th Cir.1967) (per curiam), and we review the district court's findings for clear error as if there had been no jury, Security Mut. Casualty Co. v. Affiliated FM Ins. Co., 471 F.2d 238, 245 (8th Cir.1972). Crediting Smith's uncontradicted testimony, the district court found Gragg did not tell Smith the former passenger might still be chasing the bus or object when Smith left the bus to use a nearby telephone, and Smith did not realize the former passenger was in hot pursuit of the bus. Gragg, 812 F.Supp. at 995. The district court thus concluded Smith was not negligent because Smith neither knew nor should have known Gragg was in immediate danger from the former passenger. Id. at 997-98. Having carefully reviewed the record, we cannot say the district court's findings are clearly erroneous. See Houston v. Lockhart, 9 F.3d 62, 63 (8th Cir.1993) (district court's findings based on plausible uncontradicted testimony of a witness are rarely clear error).
 
 
 6
 Finally, the estate and the Transit Authority challenge the district court's decisions to admit certain evidence and to exclude other evidence. Our review of the record convinces us the district court did not abuse its discretion in making the challenged evidentiary rulings. See May v. Arkansas Forestry Comm'n, 993 F.2d 632, 637 (8th Cir.1993) (court of appeals reviews district court's evidentiary rulings with substantial deference for clear abuse of discretion).
 
 
 7
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas, sitting by designation