**Justine HINE, Plaintiff,**

v.

**Norman Y. MINETA, Secretary of Transportation, Defendant.**

**No. CV–00–6806(ADS).**

United States District Court,
E.D. New York.

Jan. 2, 2003.

Jeffrey B. Hulse, Esq., Hauppauge, NY, for Plaintiff.

Roslynn Mauskopf, United States Attorney by Susan L. Riley, Charles P. Kelly, Assistant United States Attorneys, Central Islip, NY, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves claims of gender discrimination—hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964. This decision is issued to supplement the oral decisions of the Court following the jury verdict rendered on December 20, 2002. After a three week trial, the jury found in favor of the plaintiff on her Title VII gender discrimination— hostile work environment—supervisors cause of action. However, the jury found in favor of the defendant on the remaining two Title VII causes of action. As to damages, the jury awarded "zero" damages for: (1) emotional distress to the present date; (2) emotional distress in the future; and (3) net back wages. For the plaintiff's net loss of benefits from October 15, 1995 to the present date, the jury awarded her the sum of $58,625.86.

### I. *AS TO BACK PAY*

■ A court determines the issue of back pay under Title VII because it is an equitable remedy. *See Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 160 (2d Cir.2001) ("[T]he employee is entitled to individualized equitable relief, which may include back pay and front pay."); *Vernon v. Port Authority of New York and New Jersey*, 220 F.Supp.2d 223, 234 (S.D.N.Y.2002); *Townsend v. Exch. Ins. Co.*, 196 F.Supp.2d 300, 306–07 (W.D.N.Y.2002).

In this case, the Court allowed the issue of back pay to be decided in the first instance by the jury pursuant to Rule 39 of the Federal Rules of Civil Procedure, as an advisory verdict. *See* Fed.R.Civ.P.

39(c) ("In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury...."). *See, e.g., Harris v. Niagara Mohawk Power Corp.*, 252 F.3d 592, 595–96 (2d Cir.2001) ("Although the parties had agreed that the determination of damages would be made by the trial judge following a jury trial on liability, the jury was asked to give an advisory verdict with respect to damages."):

Although an advisory verdict is not binding on the trial court, its purpose is "to enlighten the conscience of the Court." *Skoldberg v. Villani*, 601 F.Supp. 981, 982 (S.D.N.Y.1985). However, it is wholly within the discretion of the trial court whether to accept or reject in whole or in part the verdict of the advisory jury. 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2335 (2d ed.1995). When utilizing an advisory jury, a court must specifically find facts and state its conclusions of law separately. *See* Fed.R.Civ.P. 52(A). In that regard, a court may make its findings of fact and conclusions of law "orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court." *Id.*

Here, the jury found in favor of the plaintiff on one of her Title VII causes of action but declined to award any damages for back pay. In motions after the verdict, the Court affirmatively adopted that advisory verdict and determined in its discretion that no back pay should be awarded. In denying an award for back pay, the Court stated:

> A reasonable jury could find that the government was more than good to her by paying her $310,000, after she voluntarily left the employ of the government part, in Worker's Compensation and

part in back pay, pay for what, I don't know why they were paying her, but they paid her.

> So, a reasonable jury could find all these things. A reasonable jury made a proper verdict in my opinion.

> \*　\*　\*　\*　\*　\*

> They found that she shouldn't be entitled to back pay. They might have found mitigation, that she for seven years didn't work and raised four children. So why pay her, they may have found. It was her choice to stay home they could have found.

> \*　\*　\*　\*　\*　\*

> THE COURT: Even if it's advisory, I'm going to accept it as the verdict. Your motion is denied.

> \*　\*　\*　\*　\*　\*

> THE COURT: Okay. If I had to make a finding of fact, and I do make a finding of fact that I would not have awarded back pay. Mrs. Hine was given $310,000 by the United States Government. Mrs. Hine did not look for work for seven years. I would not have awarded—if I were the trier of facts, I would not have awarded any back pay. And again, I would not award any front pay for the same reason. It was totally speculative as to front pay.

\* (Tr at 2487–2488, 2491, 2493–2494).

 Consistent with these rulings, the Court now formally confirms the jury's finding and denies any recovery for back pay. It is well-settled that a plaintiff in a Title VII case must attempt to mitigate her damages by using "reasonable diligence in finding other suitable employment." *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231, 102 S.Ct. 3057, 3065, 73 L.Ed.2d 721 (1982); *see* 42 U.S.C.

---

\* Tr refers to the trial transcript.

§ 2000e–5(g)(1) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."). The burden to mitigate is not onerous, and only requires that the employee make reasonable efforts to obtain suitable other employment. *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 695 (2d Cir.1998).

■ Here, the plaintiff failed to mitigate her damages. In late August 1995, the plaintiff who was then 28 years old, left her position with the New York Center as an air traffic controller trainee, also known as an air traffic controller developmental, and never returned. The plaintiff is now 35 years of age. She never attempted to work again as an air traffic controller trainee. The plaintiff moved from Long Island to Marco Island, Florida in February 1999. She received worker compensation payments until November 1999. After that, her only attempt to obtain employment was a three month clerical position in a church. These facts demonstrate that the plaintiff failed to use reasonable diligence in finding suitable employment.

The plaintiff and her psychologist testified that she could not work again as an air traffic controller because of the emotional distress she suffered as a result of a post-traumatic stress disorder and the symptoms arising from that ailment. The jury apparently totally rejected this testimony when it awarded no past or future damages for emotional distress. In this regard, the Court notes that the plaintiff's last treating consultation was in 1999, some three years ago. Also, at no time during her treatment was she given any medication for these alleged serious emotional injuries. In its analysis of the back and front pay damages, the Court also finds that the plaintiff failed to prove her claims of past and future emotional distress, which would prevent her from working.

The usual "mitigation" language is that the plaintiff must attempt to secure "comparable" employment. In this case, there is no "comparable" employment to that of an air traffic controller. These dedicated men and women have the awesome obligation of keeping aircraft from diverging. New York Center, where the plaintiff was training, controls the airspace for a number of airports in the Northeast area. These extraordinary men and women have to monitor a number of aircraft on their radar scopes, divided into sectors involving different attitudes. Their radar scope sometimes have as many as 8 or 9 close-flying aircraft. Their mission is to make sure they do not come too close to each other on their paths to and from the airports. It is an exacting job requiring nerves of steel and it is a tension-filled occupation. There is no comparable position in the civilian world.

Notwithstanding her training in this unique occupation, the plaintiff had a duty to use reasonable diligence in finding other suitable employment which need not be comparable to that of an air traffic controller. *Ford Motor Co.*, 458 U.S. at 231, 102 S.Ct. at 3065 ("This duty ... requires the claimant to use reasonable diligence in finding other suitable employment."). When the Court charged the jury as to mitigation, it used the word "suitable" employment rather than "comparable" employment. See *Dailey v. Societe Generale*, 108 F.3d 451, 455 (2d Cir.1997) for similar language. *See also Simmons v. Dean Witter Reynolds, Inc.*, No. 96–3873, 1999 WL 825663, at *4 (S.D.N.Y. Oct. 15, 1999) ("A discharged employee must use reasonable diligence in finding other suitable employment which need not be comparable to

their previous positions.") (citation omitted).

In this case, the defendant clearly established that the plaintiff made no viable attempt to find any kind of employment for more than seven years. There was no evidence that, other than the three month church clerical job in November 2001, she ever sought another job. A reasonable jury could have found that the plaintiff was physically and emotionally able to find other suitable employment; that she totally failed to attempt to mitigate her back pay damages in any manner; and that she was content to remain at home with her four young children, having received the sum of $310,000 from the government. As a fact finder, the Court would make the same determination and award no back pay.

## II. *AS TO FRONT PAY*

■ In a Title VII case, front pay is an equitable remedy. *Robinson,* 267 F.3d at 160. It is only awarded in the sound discretion of the court. *Reed v. A.W. Lawrence & Co.,* 95 F.3d 1170, 1182 (2d Cir. 1996). When reinstatement is inappropriate, front pay "represents compensation for future losses that the plaintiff would not suffer but for the discriminatory acts of the defendant." *Rivera v. Baccarat, Inc.,* 34 F.Supp.2d 870, 877 (S.D.N.Y.1999). Front pay serves to make a discharged employee whole where she has "no reasonable prospect of finding comparable alternative employment." *Padilla v. Metro–North Commuter Railroad,* 92 F.3d 117, 126 (2d Cir.1996) (citation omitted).

■ As in back pay situations, a plaintiff seeking front pay has the duty to exercise reasonable diligence in mitigating damages by seeking alternative employment. *Reed,* 95 F.3d at 1182; *Dunlap–McCuller v. Riese Org.,* 980 F.2d 153, 159 (2d Cir.1992), *cert. denied,* 510 U.S. 908, 114 S.Ct. 290, 126 L.Ed.2d 239 (1993).

Because there is no comparable position to a civilian air traffic controller, the Court charged the jury that the plaintiff had a duty to seek "suitable" other employment. *See also Reed,* 95 F.3d at 1182 ("[A] plaintiff has the duty to exercise reasonable diligence in mitigating damages by seeking alternative employment."). Here, it is undisputed that the plaintiff sought neither alternative nor suitable other employment. She claims that she was unable to seek other employment because of her alleged emotional injuries sustained at the New York Center. The jury rejected this claim. The Court agrees and finds a total failure to mitigate in any manner.

■ In addition, and even of greater significance in this case, front pay should not be awarded where the calculation method is unduly speculative. *Sagendorf–Teal v. County of Rensselaer,* 100 F.3d 270, 277 (2d Cir.1996); *Brenlia v. LaSorsa Buick Pontiac Chevrolet, Inc.,* No. 00–5207, 2002 WL 1059117, at *10 (S.D.N.Y. May 28, 2002) ("Front pay should not, however, be awarded where the calculation method is too speculative."); *Rivera,* 34 F.Supp.2d at 878 ("[U]nder no circumstances can the award be based on undue speculation"). The Court finds that it would be unduly speculative to award front pay in this case. First, the plaintiff was an air traffic controller trainee when she left her employment. It can be argued with reasonable certainty that a trainee in her position would eventually qualify as an air traffic controller, full performance. However, the plaintiff may have been years away from achieving that goal. The evidence showed that trainees often took five years to qualify and that not all succeeded.

Second, there was evidence at the trial that the plaintiff occasionally experienced emotional problems on the job; these problems, a dangerous symptom for this

type of job, were sometimes unrelated to the hostile work environment. Although some of these emotional problems were evidently caused by the hostile work environment, there was evidence that she was prone to nervous reactions to certain potentially tense situations on the job. Third, even assuming that the plaintiff achieved full developmental ATC status, the length of her service would be purely conjectural. The plaintiff presented no evidence on the average work expectancy of an air traffic controller. Nor was there any testimony how long she expected to work in this profession. We do know that she never attempted to obtain any meaningful work for many years during a period in which the jury found that she was not suffering from a serious emotional injury.

Furthermore, the government was not required to show suitable employment existed because the plaintiff failed to seek other employment. *See Greenway v. The Buffalo Hilton Hotel,* 143 F.3d 47, 54 (2d Cir.1998) (stating that "an employer should not be saddled by a requirement that it show other suitable employment in fact existed—the threat being that if it does not, the employee will be found to have mitigated his damages—when the employee, who is capable of finding replacement work, failed to pursue employment at all."); *Quinn–Nolan v. Schulte, Roth & Zabel,* No. 00–7936, 2002 WL 1758920, at *5 (S.D.N.Y.2002) ("[I]n instances such as here, where plaintiff failed to make any efforts to seek comparable employment, the employer is released from the duty to establish the availability of comparable employment.") (internal quotation marks and citation omitted); *Shannon v. Fireman's Fund Ins. Co.,* 136 F.Supp.2d 225, 228 (S.D.N.Y.2001) ("If the defendant can show that the plaintiff failed to make a reasonable effort to seek comparable employment, the defendant is re-

lieved of the burden to prove that suitable work existed.").

For the reasons stated above, the plaintiff's request for front pay damages is denied.

### III. *CONCLUSION*

By this decision, the Court supplements its oral decisions made after the jury verdict. The advisory jury verdict denying back pay damages is affirmed. In addition, the Court finds that the plaintiff failed to prove, by a preponderance of the credible evidence, that front pay should be awarded and her request for such future loss of earnings, is denied.

**SO ORDERED.**