Islam v. Garland

BIA
Kolbe, IJ
A206 912 018

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> REENA RAGGI,
> DENNY CHIN,
> > *Circuit Judges.*

_____

JAHIRUL ISLAM,
> *Petitioner*,

v.                                                      17-4134
                                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,*
> *Respondent.*

_____

FOR PETITIONER:              Khagendra Gharti-Chhetry,
                             Chhetry & Associates, P.C., New
                             York, NY.

FOR RESPONDENT:              Brian Boyton, Acting Assistant
                             Attorney General; John S. Hogan,
                             Assistant Director; Lindsay C.
                             Dunn, Trial Attorney, Office of

---

* The Clerk of the Court is respectfully directed to amend the caption as set forth above.

Immigration Litigation, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jahirul Islam, a native and citizen of Bangladesh, seeks review of a November 30, 2017, decision of the BIA affirming a March 23, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jahirul Islam,* No. A206 912 018 (B.I.A. Nov. 30, 2017), *aff'g* No. A206 912 018 (Immig. Ct. N.Y. City Mar. 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

(2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Islam was not credible as to his claim that members of the Awami League beat him on account of his position as public secretary in a local chapter of the Bangladesh Nationalist Party ("BNP").

It was reasonable for the agency to question Islam's assertion that he held the position of public secretary in his local chapter of the BNP because he could not describe the party's platform in any detail. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003) ("Where an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder

3

whether the testimony is fabricated."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007). Although the agency may err in basing a credibility determination on an applicant's lack of doctrinal knowledge, this is an "instance[] in which the nature of an individual applicant's account . . . render[s] his lack of a certain degree of doctrinal knowledge suspect and . . . therefore provide[s] substantial evidence in support of an adverse credibility finding." *Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006). Because Islam claimed to hold a position responsible for promoting the BNP publicly, the agency did not err in questioning his credibility based on his lack of knowledge regarding the party's ideology. *See id.*

The agency also reasonably relied on Islam's conflicting evidence regarding the injuries he purportedly suffered when Awami League members attacked him in 2013. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Islam testified that he suffered a cut in his mouth that bled but was "not that big" and that the rest of his body "was injured" but was not "bleeding or anything." But a letter he submitted from the hospital, issued three years after the attack, stated

4

inconsistently that the injury to Islam's mouth was "serious" and that Islam had lacerations elsewhere on his body. Further, given that Islam could not describe with any specificity the injuries to his body, other than the cut in his mouth that was "not that big," the agency did not err in questioning the plausibility of his claim that he required a two-day hospitalization. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66-68 (2d Cir. 2007) (recognizing that adverse credibility determination may be based on inherent implausibility in applicant's story if the "finding is tethered to record evidence" or based on common sense); *see also Jin Shui Qiu*, 329 F.3d at 152.

Having questioned Islam's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to credit affidavits

5

Islam submitted because many of the authors were interested witnesses who were unavailable for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). The agency also reasonably noted the absence of contemporaneous medical records detailing Islam's two-day hospitalization, which was particularly noticeable given the lack of detail in Islam's testimony and his doctor's letter regarding the type of injuries suffered and why the injuries required hospitalization.

Given Islam's lack of doctrinal knowledge, conflicting evidence, and lack of reliable rehabilitating corroboration, we conclude the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive

6

of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are denied and stays vacated.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court