Agnes, A.J.
The plaintiff, Robert F. Calnan, has brought this civil action against the defendants, Callahan and Susan McCarthy seeking an accounting and alleging breach of contract, breach of fiduciary duty, fraud and misrepresentation in connection with a joint venture of the parties involving a real estate transaction on Fairview Avenue in Waltham. The underlying claims by the plaintiff arise out of a real estate transaction in 1988 in which Calnan and McCarthy purchased three lots of land in Waltham, and reportedly agreed to terms concerning the use and/or sale of the lots. One of these lots was sold in 1988, and that transaction and subsequent litigation regarding that sale serves, in part, as the basis for the underlying claims in this case.
In count four of the plaintiff s complaint, there is claim to Reach and Apply the defendants’ interest in unrelated real estate located in Hyde Park, Massachusetts. The plaintiff obtained an attachment of the defendants’ interest in the Hyde Park real estate. Initially, the attachment was in the amount of $200,000, but, with the approval of the court, the attachment has been reduced to $100,000, and funds have been placed in an escrow account maintained by plaintiffs counsel as substitute security for the real estate attachment.
The plaintiff has filed á motion for partial summary judgment pursuant to Mass.R.Civ.P. 56 on his count for relief of a Bill to Reach and Apply so that any judgment he obtains may be satisfied out of the escrow funds.
*523 BACKGROUND'
The parties confirmed at oral argument that the essential facts relating to the plaintiffs Motion for Partial Summary Judgment are not in dispute. The Reach and Apply Defendant Callaghan F. McCarthy, Trustee of Christine Realty Trust was, at all relevant times, the record title owner of certain real estate located in Hyde Park, Massachusetts consisting of an eight-lot residential development more specifically described in a deed dated February 24, 1997, recorded in the Suffolk Registry of Deeds at Book 21243 Page 113. See Plaintiffs Memorandum in Support of Motion for Partial Summary Judgment, exhibit 1 at 116-17 (Deposition of Callaghan F. McCarthy) (hereafter, “Plaintiffs Memo”). The defendant Callaghan F. McCarthy and the Reach and Apply defendant, Callaghan F. McCarthy, Trustee of Christine Realty Trust are one and the same person. The defendant took title to the Hyde Property as trustee for the benefit of his two daughters, Darlene M. McCarthy and Christine L. McCarthy. Plaintiffs Memo, exhibit 1 at 117. His understanding of the purpose of the trust was that he was to try to make money for the benefit of his daughters. Plaintiffs Memo, exhibit 1 at 118-19. His understanding of the legal significance of the trust was that it would shield the trust assets from the reach of creditors. Plaintiffs Memo, exhibit 1 at 119-21. The precise terms of the trust are not described by the parties, and the trust instrument is not part of the record before me.
The defendant operated his construction business through a corporation, McCarthy Development Corporation, of which the sole officer, director and shareholder is his wife. Plaintiffs Memo, exhibit 1 at 122-23. See also Plaintiffs Memo, exhibit 2 (Deposition transcript of Susan McCarthy). The defendant pays all of his bills and the personal and household expenses for his family of five from the checking account of McCarthy Development Corporation which is in his wife’s name with Charter Bank. This includes all utilities, motor vehicle financing, jeweliy, etc. Plaintiffs Memo, exhibit 1 at 124-25; exhibit 2 at 64, 75. He has no checking account himself. Plaintiffs Memo, exhibit 1 at 123-24. Susan McCarthy is the sole signatory on the corporate account, but she does not exercise actual control over the corporation affairs. That is done by her husband, Callaghan McCarthy. He is allowed to obtain checks signed in blank by his wife which he later completes by inserting the name of the payee or to simply sign her name as the signatory on the check, and he has her permission to decide who should be paid out of that account. Plaintiffs Memo, exhibit 1 at 127; exhibit 2 at 92-93. Her participation is designed to enable the corporation to qualify as a minority owned business. See Plaintiffs Memo, exhibit 2 at 98-104 (Deposition transcript of Susan McCarthy).
Mr. McCarthy, as trustee, purchased the Hyde Park property by a combination of seller financing and a construction mortgage with Atlas Mortgage Company (hereafter, “Atlas”). When he would draw down funds from Atlas, defendant McCarthy would deposit them into the McCarthy Development Corporation checking account. See Plaintiffs Memo, exhibit 1 at 124-25. During substantial portions of 1997 and 1998, the balance in the checking account of the McCarthy Development Corporation consisted of funds that were received by Charles McCarthy as Trustee of Christine Realty Trust from Atlas based on the construction loan for the Hyde Park property. Plaintiffs Memo, exhibit 3.
From the time the defendant Callaghan F. McCarthy filed for personal bankruptcy in 1992 through 1999, including when he acquired the Hyde Park property as trustee, he was insolvent in that the value of his liabilities exceeded the value of his assets. Plaintiffs Memo, exhibit 1 at 101-03.
DISCUSSION
1. Standard for summary judgment. Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilts v. General Motors Corp., 410 Mass. 706, 716 (1991): Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is done, the burden shifts to the party opposing summary judgment who must allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, ”[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony's Pier Four v. Crandall Dry Dock Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass'n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). However, “[a] complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial." Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other’s party’s claim, or by showing that the other *524 parly has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
2. The defendant did not establish a valid trust for the Hyde Park properly. It is the plaintiffs contention that if he is successful in obtaining a judgment against the defendant Callaghan F. McCarthy, he should be entitled to reach and apply the proceeds of the sale of the Hyde Park property, currently held in escrow, despite the fact that the real estate was acquired and held by the defendant, Callaghan F. McCarthy, in his capacity as the Trustee of the Christine L. McCarthy Realty Trust, and despite the fact that the defendant did not transfer this real estate at any time. Plaintiffs Memo at 6, citing G.L.c. 214, §3(8) and G.L.c. 109A, §2.[1] The plaintiffs reasoning is that when a trustee has access to and control of trust assets, and treats those assets as if they were his own despite the fact that he has no beneficial interest in them, the trustee’s creditors can reach the assets through the mechanism of an action to reach and apply. Plaintiffs Memo at 6-7. The defendant’s position is simply that the plaintiff has failed to demonstrate that the individual defendants have or ever had any right, title or interest in the property owned by the Christine Realty Trust. Defendants’ Opposition at 7.
In State Street Bank & Trust Co. v. Reiser, 7 Mass.App.Ct. 633 (1979), the Appeals Court noted that although Massachusetts courts have historically given “full effect to inter vivos trusts . . . [tjhere has developed, however, another thread of decisions which takes cognizance of, and gives effect to, the power which a person exercises in life over property.” Id. at 636-37. In reasoning that trust assets could be reached and applied by the settlor’s creditors even after his death in circumstances in which the trustee treated those assets as his own during his lifetime, the court relied on the view that “it violates public policy for an individual to have an estate to live on, but not an estate to pay his debts with.” Id. at 638, citing United States v. Ritter, 558 F.2d 1165, 1167 (4th Cir. 1977) (Widener, J., concurring).
In the present case, the uncontroverted facts indicate that the defendant Callaghan F. McCarthy is and was at all relevant times insolvent, Plaintiffs memo, exhibit 1 at 101-03; that he formed the Christine Really Trust at the time he took title to the Hyde Park property and that the acquisition was not made on the basis of any trust assets, Plaintiffs memo, exhibit 1 at 116- 17; Plaintiffs memo, exhibit 1 at 116-17; that he, the defendant Callaghan F. McCarthy, arranged for the Hyde Park property to be put in the hands of a third party, namely, Callaghan F. McCarthy, trustee of the Christine Realty Trust in order to shield it from his creditors, Plaintiffs memo, exhibit 1 at 117-21; and that at all relevant times, the defendant Callaghan F. McCarthy treated the trust assets as his own property. Plaintiffs memo, exhibit 1 at 124-26. Under these circumstances, the reasoning of the Reiser case suggests that the court should disregard the trust and treat the asset as if they belong to the defendant in his individual capacity. Stated differently, in the circumstances of this case, no trust ever came into existence and the defendant should be deemed to hold the property in his individual capacity. See Arlington Trust Co. v. Caimi, 414 Mass. 839, 848 (1993). See also Porreca v. Gaglione, 358 Mass. 365, 368-69 (1970).
Under G.L.c. 214, §3(8), the Superior Court has original jurisdiction over ”[a]ctions to reach and apply in payment of a debt, any property, right, title or interest, real or personal, of a debtor liable to be attached or taken on execution in a civil action against him and fraudulently conveyed by him with intent to defeat, delay or defraud his creditors, or purchased, or directly or indirectly paid for, by him, the record or other title to which is retained in the vendor or conveyed to a third person with the intent to defeat, delay, or defraud the creditors of the debtor.” The defendant’s argument in opposition to the motion for partial summary judgment is that this case falls outside the scope of a bill to reach and apply because the debtor, Callaghan F. McCarthy, never “conveyed” the property in question within the meaning of G.L.c. 214, §3(8), and never engaged in a “transfer” of the property as that term is defined in the Uniform Fraudulent Transfer Act, G.L.c. 109A, §7(4) (“A transfer is not made until the debtor has acquired rights in the assets transferred”).
However, under the facts and circumstances of this case, the defendant should be deemed to have fraudulently conveyed the property to another, namely Callaghan F. McCarthy, Trustee of Christine Realty Trust, or to have arranged for such a fraudulent conveyance to Callaghan F. McCarthy, Trustee of Christine Realty Trust, by the seller of the Hyde Park property. The undisputed facts indicate that the defendant, in his individual capacity, arranged for the Hyde Park real estate to be conveyed to him in a fictitious capacity as Trustee of Christine Realty Trust in or der to put it beyond the reach of his creditors at a time when it was his intention to enjoy and to exercise all the rights of both legal and equitable ownership. In these circumstances, a fraudulent transfer should be found within the scope of G.L.c. 109A, §2 (defining “transfer” to include “every mode, direct or indirect, absolute or conditional, voluntaiy or involuntary, of disposing of or parting with an asset or an interest in an asset”). Thus, on these facts, I conclude that Hie plaintiffs claim falls within the parameters of G.L.c. 214, §3(8).
ORDER
For the above reasons, the plaintiffs motion for summary judgment regarding count four only of his complaint is hereby ALLOWED.

The Massachusetts Fraudulent Conveyance Law was repealed in October 1996, and replaced by the Uniform Fraudulent Transfer Act. See St. 1996, c. 157, adding a new chapter 109A to the general laws.