CARMELLA PORRECA & another [1] *vs.* LORENZO GAGLIONE & others.

Middlesex.   November 6, 1970. — December 10, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Evidence*, Extrinsic affecting writing.   *Trust*, Validity.

Extrinsic evidence was rightly admitted by a master in a suit in equity to show that the settlor of a written declaration of trust for the benefit of the plaintiffs never intended to create a valid and binding trust, and findings by the master, including findings that the settlor never so intended but created the trust "merely to put the [trust] properties . . . beyond the reach of a claimant," that the settlor never divested himself of the control, possession, or proceeds of the trust properties, and that the trustee named never accepted the trust or assumed its duties, made it plain that no trust ever came into existence.

BILL IN EQUITY filed in the Superior Court on December 18, 1968.

The suit was heard by *Spring*, J., on a master's report.

*Walter D. Wekstein* (*Alton L. Horte, Jr.*, with him) for the plaintiffs.

*Richard J. Cotter, Jr.*, for the defendants.

SPALDING, J.   By this bill in equity the plaintiffs sought a determination of their interests in certain parcels of real estate, a reconveyance of these parcels to them by the defendants, and an accounting of the income derived from the property.   The case was referred to a master, whose report was confirmed by an interlocutory decree which also overruled the plaintiffs' exceptions to the report.   Thereafter, a final decree was entered dismissing the bill.   The plaintiffs appealed from both decrees.

Pertinent findings of the master are as follows.   The plaintiffs are brother and sister.   The defendant Lorenzo Gaglione (Lorenzo) is the brother of the plaintiffs.   The

[1] Carmine Gaglione.

defendant Filomena Gaglione (Filomena) is Lorenzo's wife, and the other defendants, Gennaro C. Gaglione (Gennaro C.) and Grace Pizzano (Grace), are the children of Lorenzo and Filomena.

On June 8, 1933, Gennaro Gaglione (Gennaro), father of the plaintiffs and the defendant Lorenzo, conveyed to Marie C. Grazione, a straw, three parcels of real estate in Everett, to wit, 562 Second Street, consisting of a single family dwelling; 12–14 West Street, a six family dwelling, and another parcel consisting of a single family dwelling on Clifton Avenue. The Clifton Avenue property is not in issue.

Simultaneously the straw conveyed these to the defendant Lorenzo as trustee under a written declaration of trust. Both the deed to the straw and the declaration of trust were dated and acknowledged on June 8, 1933, and were recorded on that day.

The trust instrument is not before us but it was summarized by the master, so far as is material, as follows. The trustee was to hold the properties in trust for the benefit of the plaintiffs. The trust was to continue for twenty-one years. The trustee was to collect and receive all rents and income from the properties and hold the balance of the net income for the plaintiffs as beneficiaries, and upon termination of the trust the trust estate was to be divided equally between the beneficiaries. The trust could be altered or amended by the trustee at any time during its continuance by a certificate executed and acknowledged by him. The trust instrument contained no provision for revocation.

At the same time that Gennaro executed the trust instrument described above, his attorney prepared three deeds running to him as grantee. These deeds covered the Second Street, West Street, and Clifton Avenue properties. Those covering the Second Street and Clifton Avenue parcels were not recorded; that covering the West Street parcel was subject to a bank mortgage of even date, was redated on April 3, 1935, and not recorded until July 11, 1940.

Just prior to the execution of the trust, Gennaro had differences with his son-in-law which resulted in litigation. This litigation was settled on December 7, 1933, six months after the execution of the trust. The "trust was created in an effort and with the intention of putting the parcels beyond the reach and attachment and possible levy" of Gennaro's son-in-law.

The record chain of the West Street property subsequent to the trust (excluding the use of straws to effect simultaneous conveyances) was as follows: On April 3, 1935, there was a deed from Lorenzo, trustee, to Gennaro. On January 12, 1957, there was a deed from Gennaro to Gennaro and Grazia Gaglione, husband and wife, for life with the remainder in fee to Lorenzo and Filomena, husband and wife. On September 21, 1967, there was a deed from Lorenzo and Filomena to themselves for life with the remainder to their children Gennaro C. and Grace.

The record chain with respect to the Second Street property (excluding straws) was: A deed on February 9, 1934, from Lorenzo, trustee, to Gennaro and Grazia, husband and wife, as life tenants with the remainder to Lorenzo; a deed on March 1, 1955, from Gennaro, Grazia and Lorenzo to Carmine Gaglione; on the same date, a deed from Carmine to Gennaro for life, with the remainder to Lorenzo; and a deed on September 21, 1967, from Lorenzo to himself and his wife, Filomena, for life, with the remainder to their children, Gennaro C. and Grace, as joint tenants.

All the foregoing conveyances were without consideration. Gennaro died on September 4, 1959, and Grazia, his wife, predeceased him on October 12, 1957.

Shortly after her father's death the plaintiff Carmella Porreca found the trust instrument of June 3, 1933, and after consulting an attorney, litigation, including the present suit, was commenced.

Gennaro retained control of all of the properties described above until his death. He collected all rents and paid all bills with respect to their operation, and treated the properties as his own until his death. On January 12, 1957, he

executed instruments which provided that in the event that
he or his wife was unable, through old age or infirmities,
to collect the rents, they were to be collected by Lorenzo
and that "no expenditures should be made for operating
charges, repairs or improvements without his and his wife's
consent. Carmine and Lorenzo . . . knew of these instru-
ments."

Following Gennaro's death Lorenzo collected all the rents
and made all the repairs to the Second Street and West
Street properties.

After finding the foregoing facts, the master made the
following ultimate findings. The trust instrument of
June 8, 1933, was created by Gennaro "merely to put the
properties in question beyond the reach of a claimant"; he
never intended to create a valid and binding trust. He
never divested himself of the control of the property through
the trust instrument and at all times during his life retained
control and possession over the property and the proceeds
derived therefrom for his own use. Lorenzo never accepted
the trust and never assumed the duties of trustee. In so
far as it was a question of fact the master concluded that the
plaintiffs have no interest in the West Street and Second
Street properties or in the proceeds derived therefrom; that
Lorenzo as remainderman of these properties became the
owner in fee upon the death of his father; and that the
present legal owners are Lorenzo and Filomena for life with
the remainders to their children Gennaro C. and Grace.
The master further concluded that neither plaintiff was
guilty of laches.

The plaintiffs' major argument, and the one upon which
this case must stand or fall, is that the master erred in con-
cluding that the trust was invalid because the settlor never
intended to create a valid and binding trust. Specifically
the plaintiffs argue that the parol evidence rule should have
been applied to exclude extrinsic evidence of the intention
of the settlor. This argument cannot prevail.

The instrument here is not subject to the rule because
the defendants attempt not to vary or contradict its terms

but, rather, to challenge its very existence. In such a case the parol evidence rule is not applicable. Corbin, Contracts, § 577, p. 395. "The rule of law making parol evidence incompetent to vary or contradict the terms of a written contract has no application to parol evidence showing that both parties understood that their contract was to have no binding effect upon them and that what appeared to be a contract was intended for another purpose." *Beaman-Marvell Co.* v. *Gunn,* 306 Mass. 419, 422–423, and cases cited. This principle is equally applicable to a trust instrument. *Kerwin* v. *Donaghy,* 317 Mass. 559, 568.

The findings of the master are conclusive, inasmuch as they are not on their face inconsistent or plainly wrong. *Lawrence* v. *Selectmen of Egremont,* 350 Mass. 354, 357. On the basis of those findings the final decree dismissing the bill was right. To prevail the plaintiffs were required to show that they had an interest in the property as beneficiaries of a valid, subsisting trust. But, as the findings of the master make plain, no trust ever came into existence.

*Interlocutory decree affirmed.*

*Final decree affirmed with costs*
*of appeal.*