EDWARD I. FINE & another[1] *vs.* JUDITH S. COHEN & another.[2]

No. 93-P-185.

Middlesex. September 27, 1993. - December 10, 1993.

Present: PERRETTA, KASS, & PORADA, JJ.

*Practice, Civil*, Jury issues, Attorney's fees. *Fiduciary. Evidence*, Parol evidence. *Trust*, Breach of trust, Validity, Trustee's discretion. *Damages*, Breach of fiduciary duty.

At the trial of a claim for breach of fiduciary duty together with multiple jury claims, the jury's responses to special questions that the defendants had been in breach of their fiduciary duties, but that the plaintiff was not entitled to any damages as a result, were merely advisory where, although the judge had not expressly informed the jury or, apparently, the parties that the jury responses would be advisory, his intent not to make the jury the final arbiter of this claim found support in the record, and thus the parties could not be considered as having impliedly consented to the framing of questions to which the jury's replies would be binding. [613-614]

On appeal from the judgment on a claim that trustees of a particular trust had breached their fiduciary duty to the income beneficiary of the trust, in which the trustees claimed that the judge erred in excluding, on the basis of the parol evidence rule, evidence relating to the income beneficiary's intentions in establishing the trust, this court remanded the action for a new trial to determine whether a fiduciary relationship between the trustees and the income beneficiary existed, where the judge's application of the parol evidence rule had precluded his consideration whether the trust created legal obligations among the parties. [614-616]

Comments with respect to the calculation of damages sustained by a beneficiary of a trust as a result of a trustee's breach of fiduciary duty to the extent that the issue may arise again on retrial. [616-618]

Although stating that an award of attorney's fees by the judge in a civil action was, of necessity, reversed along with the rest of the judgment, this court noted that the judge did not abuse his discretion in arriving at a figure of $45,000 and that he appropriately considered those factors relevant to a determination of the issue. [618]

[1]Murray C. Fine as guardian of Edward I. Fine.
[2]Wilfred E. Cohen.

CIVIL ACTION commenced in the Superior Court Department on September 14, 1990.

The case was tried before *Peter M. Lauriat*, J.

*Allen C. B. Horsley* for the plaintiffs.

*William I. Cowin* (*David A. Rich* with him) for the defendants.

PORADA, J. Edward I. Fine filed suit in the Superior Court against Judith S. Cohen, his daughter, and Wilfred E. Cohen, his son-in-law, for, among other claims, breach of their fiduciary duty as trustees of the Edward I. Fine Trust (EFT). Murray C. Fine was added as a necessary party plaintiff upon his appointment by the Florida Superior Court as guardian for his father, Edward I. Fine. The judge submitted the claim for breach of fiduciary duty along with the other claims to the jury on a special jury verdict form containing sixteen special questions. The first two questions asked the jury to determine whether the defendants had committed a breach of their fiduciary duty as trustees of the EFT and if so, what amount of money Edward, as the income beneficiary of the EFT, lost as a result of the breach. The jury responded that the defendants had been in breach of their fiduciary duties but that Edward was not entitled to any damages as a result. The judge treated the jury's responses as advisory only and made his own findings that the defendants had been in breach of their fiduciary duties and that Edward was entitled to damages of $36,709, which represented the income that the judge determined Edward, as the income beneficiary, would have been entitled to under the terms of the trust. The judge also awarded the plaintiffs $45,000 in attorney fees and costs on this claim.

From the ensuing judgment, both the plaintiffs and defendants filed an appeal. The plaintiffs claim that the awards of damages and attorney fees are clearly erroneous as matter of fact and law. The defendants claim that the judge erred in excluding, on the basis of the parol evidence rule, evidence relating to Edward's intentions in establishing the EFT and treating the jury's findings on this claim as advisory only. We reverse the judgment and remand for a new trial.

We summarize those undisputed facts set forth in the judge's findings which are pertinent to this decision. In 1940, Edward with two other gentlemen, Kaplan and Seligman, established a Massachusetts trust known as Esplanade Associates. This trust acquired title to real property located at 125 Beacon Street and 142 Chestnut Street in the city of Boston. On November 16, 1979, Edward and the defendants executed a written declaration of trust for the establishment of EFT. Under the terms of EFT, the defendants were named as the trustees. The trust instrument provided that Edward was to receive "[s]o much of the net income as [Edward I. Fine] may request in writing" and that upon his death, the trust principal was to be distributed to the defendant, Judith S. Cohen, or if she should predecease her father, then to her children. The trust instrument also provided that the trustees had the discretion to add the undistributed income to the principal of the trust or accumulate it for later distribution as income to Edward.

Upon the execution of the EFT declaration of trust, Edward transferred his beneficial interest in the Esplanade Associates trust and his interest in the real property at 125 Beacon Street and 142 Chestnut Street to the defendants as trustees of EFT. The defendants, as trustees of EFT, then executed a promissory note to Edward for $200,000 in return for the transfer of those assets. Edward, in turn, executed a letter agreement with the defendants in which he forgave the payment of the principal and interest on the note but reiterated his right to request income generated by EFT during his lifetime. Simultaneously, the defendants, as trustees of EFT, conveyed their beneficial interest in the Esplanade Associates trust and their title to the Beacon and Chestnut Street properties to their son, Stephen Cohen, as trustee of the Fine Family Realty Trust (FFRT), of which he was the sole trustee and beneficiary. In exchange for this transfer of property, Stephen Cohen, as trustee of FFRT, delivered to the defendants as trustees of EFT, a promissory note in the sum of

$200,000 with interest at eight percent per annum payable on or before November 19, 1981.[3]

The defendants never demanded payment of this note from Stephen Cohen. From November 19, 1979, until August 1, 1990, Edward never requested payment to him of any monies from EFT. During that period, he had sufficient assets and income, above and beyond any monies in EFT, to live as comfortably as he desired. On August 1, 1990, Murray C. Fine, acting under a power of attorney received from Edward, sent a letter to the defendants as trustees of EFT demanding, inter alia, that the defendants pay to Edward the net income of EFT accrued since November 19, 1979. Since the only asset in EFT from November 19, 1979, to the date of demand, was the uncollected note from Stephen Cohen as trustee of FFRT, there was no income that had been received or accumulated by the defendants as trustees. In any event, the defendants did not respond to the demand and this suit followed.

With this background, we now address the parties' claims of error.

1. *Advisory verdict.* The defendants contend that the jury's answer to the special verdict question that Edward sustained no loss of money from the defendants' breach of fiduciary duty is binding and conclusive upon the court. Although the defendants concede that neither the plaintiffs nor the defendants filed a motion to frame jury issues and the judge acted sua sponte, they argue that the Massachusetts Rules of Civil Procedure make no provision for advisory jury verdicts, see Mass.R.Civ.P. 39(c), 365 Mass. 802 (1974), and Reporters' Notes to Mass. R. Civ. P. 39, Mass. Ann. Laws, Rules of Civil Procedure at 176-177 (Law. Co-op 1982), and that by their failure to object to the judge's submission of this claim to the jury, the parties impliedly consented to the framing of the issues on this claim to the jury and are bound by the jury's answers. To support their position, they rely upon our holding in *Delaney* v. *Chief of Police of Wareham*, 27 Mass.

---

[3]At the same time, Stephen, as trustee, acquired the interests of Kaplan and Seligman in Esplanade Associates for other consideration.

App. Ct. 398, 401-402 (1989)(although the parties filed no motion to frame jury issues under rule 39[c], the case having been tried to the jury on the issues framed in the special questions with the parties' assent, the parties were bound by the procedure). See also *Westfield Sav. Bank* v. *Leahey*, 291 Mass. 473, 475 (1935)(answers of a jury upon issues framed on an equity claim are decisive and not merely advisory). Both the Supreme Judicial Court and we, however, have given tacit approval to the use of an advisory verdict on a nonjury claim. See, e.g., *Whitehall Co.* v. *Barletta*, 404 Mass. 497, 499 & n.6 (1989)(judge informed jury that she wanted their answers on a G. L. c. 93A claim to assist her in making a decision); *Chamberlayne Sch. & Chamberlayne Jr. College* v. *Banker*, 30 Mass. App. Ct. 346, 354 (1991)(court may submit c. 93A claim to the jury on a nonbinding advisory basis).

We see no reason to depart from our tacit approval of this practice where the nonjury claim was tried together with the multiple jury claims in this action. See Smith & Zobel, Rules Practice § 39.5.1 (Supp. 1993). While the judge did not expressly inform the jury or, apparently, the parties that the jury responses were advisory, his intent not to make the jury the final arbiter of this claim finds support in the record as he failed to give the jury any instruction on damages on this claim. Neither side objected to this deficiency in his instructions. In these circumstances, the parties could not have been misled as to the judge's intentions. We, therefore, conclude that the jury responses were advisory only. Since we conclude for the reasons noted below that the judgment must be reversed, the judge who retries the case shall have discretion whether to proceed with or without a jury.

2. *Parol evidence.* The defendants claim the judge erred in excluding evidence from Murray Shocket, Edward's attorney, and Stephen Cohen, as to Edward's intent in creating EFT and in transferring his interest in Esplanade Associates and the Beacon Street and Chestnut Street properties in the manner in which he did. According to the defendants' offer of proof, Murray Shocket would have testified that he had

been instructed by Edward only to create a vehicle whereby the property in question (the Beacon Street and Chestnut Street buildings and his interest in Esplanade Associates) could be transferred ·in accordance with Edward Fine's wishes, but without incurring present tax obligations. He would have testified, also, that he (Shocket) chose the trust instrument in question as a means of accomplishing the tax deferral objective, but did not view the situation as one in which a traditional trust relationship had been created or that Wilfred and Judith Cohen would actually carry out any responsibilities as trustees of EFT. Stephen Cohen would have testified, if permitted, that Edward told him that he did not wish to sell his interest in Esplanade Associates because there would be a big capital gains tax, but that he was prepared to give Stephen his interest in it, and if Stephen made money on the project, he would expect that Stephen would save $200,000 (Edward's interest) for his mother. The judge's exclusion of this evidence was based on the parol evidence rule.

At the outset of the trial the plaintiffs had filed a motion in limine to bar extrinsic evidence of the negotiations leading to the creation of EFT and the intentions of the signatories to EFT, to the extent that such evidence contradicted or varied from the terms of the written declaration of trust. The judge ruled that such parol evidence was inadmissible except to the extent that the defendants sought to attack the trust instrument on the grounds of fraud, duress, mistake or other grounds for the reformation or rescission of the instrument. As a result of those rulings, the defendants claim they were prejudiced, because they were preempted from demonstrating that Edward never intended to create a genuine trust relationship in which the defendants would fulfil legal obligations of trustees to Edward as a beneficiary. Rather, they claim that the trust was used as an instrument to avoid taxes and to accomplish Edward's intent to give his interest in Esplanade Associates and its Beacon and Chestnut Street properties to Stephen Cohen as outlined in the offer of proof above. "Under the parol evidence rule, if the manifestation

of intention of the settlor is integrated in a writing, that is, if a written instrument is adopted by [the settlor] as the complete expression of his intention, extrinsic evidence, in the absence of fraud, duress, mistake or other ground for reformation or rescission, is not admissible to contradict or vary" the written trust instrument. *Kerwin* v. *Donaghy*, 317 Mass. 559, 567-569 (1945). See also 1 Scott & Fratcher, Trusts § 38 (4th ed. 1988); Bogert & Bogert, Trusts and Trustees § 51 (rev. 2d ed. 1984). Parol evidence is, however, admissible to show that a trust was not intended or understood by either party to be binding as such. *Porreca* v. *Gaglione*, 358 Mass. 365, 368-369 (1970). Where, as in this case, the defendants attempted to challenge the very existence of the trust, parol evidence should have been admitted for this purpose. *Ibid.* See also *Kerwin* v. *Donaghy*, 317 Mass. at 567-569. Since the application of the parol evidence rule precluded the judge's consideration whether the trust created binding legal obligations among the parties, we must reverse the judgment and remand the action for a new trial to determine whether a fiduciary relationship between the Cohens and Edward exists.

3. *Damages.* We comment briefly on the judge's calculation of damages to the extent that the issue may arise again on retrial. In this case, the judge determined that the trustees committed a breach of their fiduciary duty by failing to collect the note owed by Stephen Cohen and then prudently to invest the proceeds. He properly concluded that Edward was entitled to be put in the position that he would have been in if no breach of fiduciary duty had been committed. 3 Scott & Fratcher, Trusts § 205 (4th ed. 1988). Applying this principle to the terms of the trust, the judge then determined that Edward's only loss occasioned by the breach of the fiduciary duty was the net income to which he would have been entitled if the trust had been prudently invested for the period dating from the end of the prior fiscal year, January 1, 1990, to the date of his first demand for income, August 1, 1990, an amount of $36,709. He based his determination on the assumption that under sound accounting practices the trustees each fiscal year would have added the unrequested

income to principal under their discretionary power to do so and, thus, the only income to which Edward would have been entitled on August 1, 1990, would have been the net income accrued for the current fiscal year. There was, however, no evidence that sound accounting practices would have dictated this choice for the trustees. In addition, he failed to consider whether the trustees, who were not disinterested parties, by adding income to principal would have acted in accordance with usual fiduciary standards. *Old Colony Trust Co.* v. *Silliman*, 352 Mass. 6, 9-11 (1967). *Worcester County Natl. Bank* v. *King*, 359 Mass. 231, 233-234 (1971).

Even when there are broad discretionary powers, a trustee may not exercise his or her discretion so as to shift beneficial interests in the trust. *Old Colony Trust Co.* v. *Silliman*, 352 Mass. at 10. The trustee must use his or her "best informed judgment in good faith in the light of what the established rules suggest to the trustee is consistent therewith." *Ibid.* In making this determination upon retrial when calculating damages, if the judge determines that a valid trust exists, consideration should be given to such factors as the extent of discretion intended to be conferred upon the trustees by the terms of the trust; the existence or nonexistence of an external standard by which the reasonableness of the trustees' conduct can be judged; the circumstances attending the exercise of the power; and the existence or nonexistence of an interest in the trustees conflicting with that of the beneficiaries. 3 Scott & Fratcher, Trusts § 187 (4th ed. 1988). See also *Copp* v. *Worcester County Natl. Bank*, 347 Mass. 548, 550-551 (1964).

Additionally, we conclude that, upon retrial, if the judge determines that a valid trust exists, in addition to computing the amount of income that would have accrued to the trust and to which Edward would have been entitled, the judge must determine what amount of principal must be restored to EFT to insure a fund from which income can be earned to provide for Edward during his remaining years. Restatement (Second) Trusts § 206 (1959).

4. *Attorney fees.* The plaintiffs claim they were entitled to an award of $78,497.50, instead of the $45,000 awarded by the judge. Because of our decision, the award of attorney fees is of necessity reversed along with the rest of the judgment. We note, however, that the judge in arriving at the lower figure did not abuse his discretion and appropriately considered those factors relevant to a determination of this issue. *Mulhern* v. *Roach*, 398 Mass. 18, 30-31 (1986).

*Judgment reversed.*