NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), Plaintiff,

v.

ACUSPORT CORPORATION; Ellet Brothers, Inc., RSR Management Company, and RSR Group, Inc., individually and on behalf of similarly situated entities, et al., Defendants.

National Association For The Advancement Of Colored People (NAACP), Plaintiff,

v.

American Arms, Inc., et al., Defendants.

Nos. 99 CV 7037(JBW), 00 CV 3999(JBW).

United States District Court, E.D. New York.

Oct. 1, 2002.

Elisa Barnes, New York City, for Plaintiff National Association for the Advancement of Colored People (NAACP).

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by Christopher M. Chiafullo, Short Hills, NJ, for Defendant Acusport Corp.

Renzulli, Pisciotti, & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant American Derringer Corp.

Renzulli, Pisciotti, & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Arcadia Machine & Tool, Inc.

Renzulli, Pisciotti, & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Arms Technology, Inc.

Renzulli, Pisciotti, & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, Short Hills, NJ, for Defendant Astra–Star C/Lbarra S.A.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Bangers LP.

Renzulli, Pisciotti, & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Beemiller, Inc.

Renzulli, Pisciotti & Renzulli LLP, by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Bersa S.A.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by Christopher M. Chiafullo, Short Hills, NJ, Greene Espel by Andrew M. Luger, Felhaber, Larson, Fenlon & Vogt, PA, Minneapolis, MN, for Defendant Bill Hicks and Co., Ltd.

Morrison, Mahoney & Miller by Brian Heermance, Semmes, Bowen & Semmes by Robert E. Scott, Jr., Baltimore, MD, for Defendant B.L. Jennings, Inc.

Falk and Siemer by J. Joseph Wilder, Buffalo, NY, Rutherford & Christie, LLP by Fred E. Scharf, New York City, for Defendant Bond Arms, Inc.

Leahey & Johnson, P.C. by Mark Taustine, New York City, for Defendant Bonitz Bros., Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Brazas Sporting Arms, Inc.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendant Braztech, Inc.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendant Braztech Int'l, LC.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Browning Arms Co.

Morrison, Mahoney & Miller by Brian Heermance, New York City, Semmes, Bowen & Semmes by Robert E. Scott, Jr., Esq, Baltimore, MD, for Defendant Bryco Arms.

Falk and Siemer by J. Joseph Wilder, Buffalo, NY, for Defendant Calico Light Weapon Systems, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Camfour, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Century International Arms, Inc.

Pino & Associates, LLP by Thomas Edward Healy, White Plains, NY, for Defendant Ceska Zbrojovka.

Callan, Regenstreich, Koster & Brady by Michael P. Kandler, New York City, Timothy G. Atwood, Shelton, CT, for Defendant Charco 2000, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Chattanooga Sports Supply, Inc. d/b/a Chattanooga Group.

Pino & Associates by Lawrence G. Keane, Pino & Associates, by Thomas Edward Healy, White Plains, NY, Jones, Day, Reavis & Pogue by Thomas E. Fennell, Jones, Day, Reavis & Pogue by Michael L. Rice, Dallas, TX, for Defendant Colt's Mfg. Co., Inc.

Pino & Associates by Lawrence G. Keane, Pino & Associates by Thomas Edward Healy, White Plains, NY, for Defendant CZ USA.

Friedman & Harfenist by Steven Jay Harfenist, Lake Success, NY, for Defendant Sylvia Daniel.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Davidson's Supply Co., Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross Defendant Desert Mountain Mfg., Short Hills, NJ, for Defendant Dixie Shooters Supply, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Eagle Imports.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Ellett Bros., Inc.

Henslee, Robertson & Strawn, LLC by R. Kent Henslee, Gadsden, AL, for Defendant Emco, Inc.

Stephen Feinberg, Ellenwood, GA, for Defendant Euclid Avenue Sales.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New

York City, for Defendant European American Armory Corp.

Steven A. Silver, Portersville, CA, for Defendant Excel Industries a.k.a. Accu-Tek.

Pavia & Harcourt LLP by Victor Genecin, Pavia & Harcourt LLP by Richard L. Mattiaccio, New York City, for Defendant Fabbrica d'Armi, Pietro Beretta S.P.A.

Salviano & Tobias, P.C. by David G. Tobias, New York City, for Defendant Faber Bros., Inc., et al.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant F.M.J., Inc., d/b/a/ Full Metal Jacket, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Forjas Taurus, SA.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Freedom Arms, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Glen Zaners Fur and Sporting.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Leonard S. Rosenbaum, New York City, for Defendant Glock, G.m.b.H.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Leonard S. Rosenbaum, New York City for Defendant Glock Inc.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendants Gorly Dist., et al.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, New York City, for Defendant H & R 1871, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP by Robert L. Joyce, New York City, for Defendant Hammerli Ltd., a.k.a. Hammerli GMBH.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Haskell Co.

Biederman, Hoenig, Massamillo & Ruff by Leslie F. Ruff, New York City, for Defendant Heckler & Koch, GMBH.

Holland & Knight, LLP by Marc L. Antonecchia, New York City, for Defendant Heckler & Koch, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, Atlanta, GA, for Defendant Heritage Mfg. Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Hicks, Inc.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Leonard S. Rosenbaum for Defendant Import Sports Inc.

Callan, Regenstreich, Koster & Brady by Michael P. Kandler, New York City, for Defendant Int'l Armament Corp. d/b/a Interarms.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Interstate Arms Corp.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Israel Military Industries.

Leahey & Johnson, P.C. by James P. Tenney, Leahey & Johnson, P.C. by Mark Taustine, New York City, for Defendant Jerry's Sports, Inc., d/b/a Jerry's Sports Center, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant K.B.I., Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Kiesler Police Suppl.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Kel-Tec CNC Industries, Inc.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Esq, New York City, for Defendant Kel Tec.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Esq, New York City, for Defendant L.A.R. Mfg., Inc.

Callan, Regenstreich, Koster & Brady by Michael P. Kandler, New York City, Timothy G. Atwood, Shelton, CT, for Defendant L.W. Seecamp Co., Inc.

Timothy G. Atwood, Shelton, CT, Callan, Regenstreich, Koster & Brady by Michael P. Kandler, New York City, for Defendant L.W. Seecamp, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Lew Horton Dist. Co.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Lipsey's, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Magnum Research Inc.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, Esq, New York City, for Defendant Maverick Arms, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant McGee's, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Navegar, Inc.

Post, Polak, Goodsell & MacNeill by Frederick B. Polak, New York City, for Defendant Navy Arms Co.

Beckman and Associates by Bradley T. Beckman, Philadelphia, PA, for Defendant North American Arms.

Leahey & Johnson, P.C. by Mark Taustine, New York City, for Defendant North East, Inc.

Bartlett, McDonough, Bastone & Monaghan by E. Gordon Haesloop, Mineola, NY, for Defendant Olympic Arms, Inc.

Leahey & Johnson, P.C. by Mark Taustine, New York City, for Defendant Outdoor Sports Headquarters.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Para–Ordance, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Para–Ordance Mfg. Inc.

Tarics & Carrington, PC by Michael J. Zomcik, Tarics & Carrington, PC by Michael Branisa, Tarics & Carrington, PC by Mark L. Clark, Houston, TX, for Defendant Phoenix Arms, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by Pamela Betlow, Short Hills, NJ, for Defendant RSR Group, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC, by Pamela Betlow, Short Hills, NJ, for Defendant RSR Mgmt. Co.

Debevoise & Plimpton by Anne Elizabeth Cohen, New York City, for Defendant Remington Arms Co.

Republic Arms by Jim L. Davis, Chino, CA, for Defendant Republic Arms.

Saviano & Tobias PC by David Gerald Tobias, New York City, for Defendant Riley's, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, New York City, for Defendant Ron Shirk's Shooters Supplies, Inc.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendant Rossi, SA.

William H. Connor, Georgetown, TX, for Defendant STI Int'l.

Bartlett, McDonough, Bastone & Monaghan by E. Gordon Haesloop, Mineola, NY, for Defendant Safari Arms, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Savage Arms, Inc.

Bartlett, McDonough, Bastone & Monaghan by E. Gordon Haesloop, Mineola, NY, for Defendant SGW Enterprises, Inc.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant SGS Imports Int'l, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP by Robert L. Joyce, New York City, for Defendant Sigarms, Inc.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP by Robert L. Joyce, New York City, for Defendant Sigarms/Sauer.

Leahey & Johnson, P.C. by Mark Taustine, New York City, for Defendant Simmon's Gun Specialties, Inc.

Shook, Hardy & Bacon LLP by Gary R. Long, Shook, Hardy & Bacon LLP by Jeffrey S. Nelson, Kansas City, MO, Greenberg, Traurig, LLP by Joel Cohen, New York City, for Defendant Smith & Wesson Corp.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Sports, Inc.

Schneck, Weltman, Hashmall & Mischel by Joanne M. Gray, New York City, Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by Christopher M. Chiafullo, Short Hills, NJ, for Defendant Sports South, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Southern Ohio Gun, Inc.

Wildman, Harrold, Allen & Dixon by James P. Dorr, Chicago, IL, for Defendant Sturm, Ruger & Co.

Renzulli, Pisciotti & Renzulli by John F. Renzulli, Esq, Leonard S. Rosenbaum, New York City, for Defendant Tanfoglio Fratelli SRL.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendant Taurus Holdings, Inc.

Budd Larner by Timothy A. Bumann, Atlanta, GA, for Defendant Taurus Int'l Mfg., Inc.

Renzulli, Pisciotti & Renzulli, LLP by John F. Renzulli, New York City, for Defendant Thompson/Center Arms.

Callan, Regenstreich, Koster & Brady by Michael P. Kandler, New York City, Timothy G. Atwood, Shelton, CT, for Defendant Uberti U.S.A., Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Valor Corp.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Walter Craig, Inc.

Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. by Terry Moritz, Chicago, IL, Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd. by Roger A. Lewis, Chicago, IL, for Defendant Walther GMBH.

Paul, Hastings, Janofsky & Walker LLP by Douglas C. Conroy, Stamford, CT, for Defendant Weatherby, Inc.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Williams Shooters Supply.

Budd, Larner, Gross, Rosenbaum, Greenberg & Sade, PC by David R. Gross, Short Hills, NJ, for Defendant Worldwide Sports Network.

## MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

### I. Introduction

Plaintiff seeks an injunction, claiming that defendants, producers and distributors of guns, have created a nuisance by their methods of sale. *See NAACP v. Acusport Corp.*, 210 F.R.D. 446 (E.D.N.Y. 2002); *NAACP v. Acusport Corp.*, 210 F.R.D. 268 (E.D.N.Y.2002). Funds to help abate are also sought. The case is set for trial on November 18 at 10:00 a.m. with an

advisory jury. *See* Fed.R.Civ.P. 39(c); Fed.R.Civ.P. 16. The jury will be consulted on the issue of liability of the defendants and, if liability is found, on the scope of the injunctive relief necessary to abate the nuisance. A written questionnaire will be used in selecting the jury. *See* Transcript of Conference of Sept. 9, 2002, *NAACP v. Acusport* (Nos. 99 CV 3999; 99 CV 7037) (E.D.N.Y.2002).

## II. Law

Federal Rule of Civil Procedure 39(c) provides that in any case in which there is no right to a trial by jury the court may, on its own initiative, try any issue with an advisory jury.

### A. Right to a Trial By Jury

The Seventh Amendment preserves the right to a trial by jury in suits at common law. U.S. Const. amend. VII; *see also* Fed.R.Civ.P. 38(a). This right applies to suits analogous to common law actions recognized in 1791 at the time of ratification of the amendment; it does not apply to suits analogous to 18th century equity cases. *See Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). On the development of equity, see generally *In re Joint Eastern & Southern Districts Asbestos Litigation,* 878 F.Supp. 473 (E.D.N.Y.1995), and authorities there cited. *See also,* Julius Goebel, Jr., *Cases and Materials on the Development of Legal Institutions* (1946); John R. Kroger, *Supreme Court Equity, 1789–1835, and the History of American Judging,* 34 Hous. L.Rev. 1425 (1998); Frederic W. Maitland, *Equity, Also the Forms of Action at Common Law* (1929); 8 James Wm. Moore et al., *Moore's Federal Practice* § 38App.102 (3rd ed.2002); 1 John Norton Pomeroy, *A Treatise on Equity Jurisprudence* (1881); N.Y. Jud. Law § 140–b.

■■ An injunction is an equitable remedy; actions solely for injunctions do not require trial by jury. *See, e.g., Reich v. Tiller Helicopter Services, Inc.,* 8 F.3d 1018, 1032 (5th Cir.1993); *Wilson v. Bailey,* 934 F.2d 301, 305 n. 4 (11th Cir.1991); *Rodriguez v. Munoz,* 808 F.2d 138, 142–43 (1st Cir.1986); 8 James Wm. Moore et al, *Moore's Federal Practice* § 38.10[3][a][iii] (3rd ed.2002). Actions to enjoin a public or a private nuisance and for the recovery of costs incurred in abatement are equitable. *See In re Debs,* 158 U.S. 564, 587–93, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); *Mugler v. Kansas,* 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887); *Conner v. City of Santa Ana,* 897 F.2d 1487, 1493 (9th Cir.1990); *United States v. Wade,* 653 F.Supp. 11, 13 (E.D.Pa.1984); 8 Moore, *supra,* § 38.30[3]. As noted in *In re Debs:*

> The jurisdiction of the court of chancery with regard to public nuisances is founded on the irreparable damage to individuals, or the great public injury which is likely to ensue. Indeed, it may be affirmed that in no wellconsidered [sic] case has the power of a court of equity to interfere by injunction in cases of public nuisance been denied, the only denial ever being that of a necessity for the exercise of that jurisdiction under the circumstances of the particular case.

158 U.S. 564, 592, 15 S.Ct. 900, 39 L.Ed. 1092 (1895)

■ There is no right to a non-advisory jury trial. *See Beacon Theatres v. Westover,* 359 U.S. 500, 510, 511 n. 17, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); Fed.R.Civ.P. 39(c).

### B. History and Purpose of the Advisory Jury

Reliance on advisory juries can be traced to the English Chancery Court. *See* 8 Moore, *supra,* § 39.40[1]. The chancellor in equity had the right to convene an advisory jury "to have its 'conscience enlightened.'" *(American) Lumbermens Mut. Casualty Co. of Ill. v. Timms &*

*Howard,* 108 F.2d 497, 500 (2d Cir.1939), *quoting Vosburg Co. v. Watts,* 221 F. 402, 408 (4th Cir.1915). This power is codified in Federal Rule of Civil Procedure 39(c).

In addition to being specifically authorized under the Federal Rules, advisory juries constitute a fundamental element of the American legal system. *See generally* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 2335 (1995); 8 Moore, *supra,* § 39.40. They are authorized in almost every state, pursuant to the state rules of civil procedure or the judge's traditional equitable powers. *See* N.Y. C.P.L.R. 4212 (Consol.2001); Ala. R. Civ. P. 39(c) (2002); Alaska R. Civ. P. 39(c) (2002); Ariz. R. Civ. P. 39(m) (2002); Ark. R. Civ. P. 39(c) (2002); Cal. R. Ct. 377 (2002); Colo. R. Civ. P. 39(c) (2002); *Gladstone v. Commercial Services of Perry, Inc.,* 1999 WL 608679 at *1 (Conn.Super.Ct.1999); Del.Super. Ct. R. Civ. P. 39(c) (2002); D.C. R. Civ. P. 39(c) (2002); *Vista Centre Venture v. Unlike Anything, Inc.,* 603 So.2d 576, 578–79 (Fla.Dist.Ct. App.1992); *Alta Anesthesia Associates of Georgia, P.C. v. Gibbons,* 245 Ga.App. 79, 537 S.E.2d 388, 391 (2000); Haw.Rev.Stat. § 635–12(b) (2001); Idaho R. Civ. P. 39(c) (2002); *In re S.G.,* 175 Ill.2d 471, 222 Ill.Dec. 386, 677 N.E.2d 920, 928 (1997); Ind. R. Trial P. 39(B) (2002); Kan. Civ. P.Code Ann. § 60–239 (West 2001); Ky. R. Civ. P. 39.03 (Baldwin 2001); Me. R. Civ. P. 39(d) (2002); *Fine v. Cohen,* 35 Mass. App.Ct. 610, 623 N.E.2d 1134, 1137 (1993); Mich. Ct. R. 39(D)(1) (2002); Minn. R. Civ. P. 39.02 (2002); Miss. R. Civ. P. 50 cmt. (2002); Mo. R. Civ. P. 73.01 (2002); Mont. R. Civ. P. 39(c) (2002); *Synacek v. Omaha Cold Storage Terminals, Inc.,* 247 Neb. 244, 526 N.W.2d 91, 94 (1995); Nev. R. Civ. P. 39(c) (2002); *Lussier v. New England Power Co.,* 133 N.H. 753, 584 A.2d 179, 182 (1990); N.J. R. Ct. 4:35–2 (2002); N.M. R. Civ. P. 1–039(B) (2002); N.C. R. Civ. P. 39(c) (2002); N.D. R. Civ. P. 39(c) (2002); Ohio R. Civ. P. 39(C) (2002); *Butcher v. McGinn,* 706 P.2d 878, 880 n. 5 (Okla.1985); Or. R. Civ. P. 51(D) (2002); *Twitty v. Minnesota Mining & Mfg. Co.,* 16 Pa. D. & C. 4th 458, 464 (1993); R.I. R. Civ. P. 39(c) (2002); S.C. R. Civ. P. 39(c) (2002); S.D. R. Civ. P. 15–6–39(c) (2002); Tenn. R. Civ. P. 39.03 (2002); *Matter of S.J.C.,* 533 S.W.2d 746, 747 (Tex.1976); Utah R. Civ. P. 39(c) (2002); Vt. R. Civ. P. 39(c) (2002); Va.Code Ann. § 8.01–336 (Michie 2001); Wash. Sup.Ct. Civ. R. 39(c) (2002); W. Va. R. Civ. P. 39(c) (2002); Wis. Stat. § 805.02 (2002); Wyo. R. Civ. P. 39(c) (2002). *But see Weltzin v. Nail,* 618 N.W.2d 293, 301 (Iowa 2000) (refusing to recognize the usefulness of the advisory jury procedure); Md. R. Civ. P. 2511(d) (disallowing advisory juries).

## C. Use of an Advisory Jury

■ The decision to utilize an advisory jury where there is no right to a jury is entirely discretionary. *See Glanzman v. Schaffer,* 252 F.2d 333, 334 (2d Cir.1958). It is said to be not subject to review on appeal. *See Mallory v. Citizens Utilities Co.,* 342 F.2d 796, 797 (2d Cir.1965); *Major v. Phillips–Jones Corp.,* 192 F.2d 186, 189 (2d Cir.1951).

■ Advisory juries are particularly useful in cases in which "there are special factors ... which suggest that a jury composed of members of the community would provide the Court valuable guidance in making its own findings and conclusions." *Skoldberg v. Villani,* 601 F.Supp. 981, 982 (S.D.N.Y.1985). Because advisory juries permit community participation and may incorporate the public's views of morality and changing common law, their use is particularly appropriate in cases involving community-based standards. *See, e.g., Birnbaum v. United States,* 436 F.Supp. 967, 988 (E.D.N.Y.1977) (using an advisory jury to aid in the determination of whether the distress suffered was of the sort that

would be experienced by reasonable people under the circumstances and the extent of compensation needed), *aff'd in relevant part*, 588 F.2d 319 (2d Cir.1978); *State ex rel. Leis v. William S. Barton Co.*, 45 Ohio App.2d 249, 344 N.E.2d 342, 351 (1975) (discussing the use of an advisory jury in light of community based obscenity standards); *McNary v. Carlton*, 527 S.W.2d 343, 348 (Mo.1975) (ordering the use of an advisory jury in light of community based obscenity standards). *See generally* Note, *Practice and Potential of the Advisory Jury*, 100 Harv. L.Rev. 1363, 1371–76 (1987).

■ Views on important issues impinging on national public policy may be obtained from advisory juries. *See, e.g., Marcus v. Iowa Public Television*, 97 F.3d 1137, 1138 (8th Cir.1996) (action concerning injunction of a public television broadcast of political debates in a congressional election where the station excluded minor-party candidates); *Kaniff v. United States.*, 2002 WL 370210 (N.D.Ill.2002) (suit for intentional infliction of emotional distress and false imprisonment as a result of an extensive customs search on a suspicion of drug smuggling); *Andrade v. United States,* 116 F.Supp.2d 778 (W.D.Tex. 2000) (case arising out of the storming of the Branch Davidian compound in Waco, Texas by agents of the Bureau of Alcohol, Tobacco, and Firearms and the Federal Bureau of Investigation); *Birnbaum v. United States,* 436 F.Supp. 967 (E.D.N.Y. 1977) (action against the C.I.A. for opening and inspecting first class mail), *aff'd in relevant part,* 588 F.2d 319 (2d Cir.1978); *see also In re Agent Orange Product Liability Litigation,* 580 F.Supp. 1242, 1256 (E.D.N.Y.1984) (stating that the court would "probably request an advisory jury").

Commonly, advisory juries provide aid in determining whether a tort or other violation of the law has occurred. They have been used to assist in a court's determination of whether a public nuisance exists. For example, in a claim to enjoin the operation of a landfill, a South Carolina court convened a jury to advise on whether the landfill constituted a public nuisance by virtue of its location and method of operation. *Neal v. Darby,* 282 S.C. 277, 318 S.E.2d 18 (1984). Advisory juries have also been employed in actions alleging private nuisance. *See, e.g., Carroll v. Hurst,* 103 Ill.App.3d 984, 59 Ill.Dec. 587, 431 N.E.2d 1344 (1982) (private nuisance claim against landowner for maintaining a junkyard on his property); *Town of Hokes Bluff v. Butler,* 404 So.2d 623 (Ala.1981) (suit against city alleging that a proposed sewer lagoon was a private nuisance); *Rode v. Sealtite Insulation Mfg. Corp.,* 3 Wis.2d 286, 88 N.W.2d 345 (1958) (private nuisance suit for offensive smoke, gases, particles, and odors against the owner of a local manufacturing plant).

They have been helpful as an aid to the court in determining the appropriateness of injunctive relief. *See, e.g., Marcus v. Iowa Public Television,* 97 F.3d 1137 (8th Cir.1996) (advisory jury asked to assess whether the harm done to an Iowa Public Broadcasting network by enjoining the broadcast of political debates featuring the Republican and Democratic candidates for Congress would outweigh the benefits to plaintiffs, third party candidates, and registered voters).

There is no reason to deny a court which has empaneled an advisory jury for help on the question of liability the benefit of the jury's judgment on the appropriateness and scope of the relief to be granted. Such juries may be useful to the court in determining the form of relief. Frequently they have been asked to determine the amount of damages with or without injunctive relief. *See, e.g., Alexander v. Gerhardt Enterprises, Inc.,* 40 F.3d 187 (7th Cir.1994); *Ragin v. Harry Macklowe Real Estate Co.,* 801 F.Supp. 1213 (S.D.N.Y. 1992); *Birnbaum v. United States,* 436

F.Supp. 967 (E.D.N.Y.1977), *aff'd in relevant part,* 588 F.2d 319 (2d Cir.1978).

### D. Public Nuisance

■ A public nuisance in New York "consists of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of rights common to all in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons." *Copart Industries, Inc. v. Consolidated Edison Co. of New York,* 41 N.Y.2d 564, 394 N.Y.S.2d 169, 362 N.E.2d 968 (1977) (internal citations omitted).

### IV. Application of Law to Facts

■ Plaintiff seeks injunctive relief in the form of restrictions on the marketing and distribution of handguns. The demand that defendants supply funds to abate the nuisance is ancillary to the primary issue; it does not affect the equitable nature of the case. *See* 8 Moore, *supra,* § 38.30[3]; *Teamsters v. Terry,* 494 U.S. 558, 571, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (citing *Tull v. U.S.,* 481 U.S. 412, 424, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)) (monetary relief "incidental to or intertwined with injunctive relief" may be deemed equitable); *United States v. Wade,* 653 F.Supp. 11, 13 (E.D.Pa.) (recovery of costs incurred in abating a nuisance "is in the nature of equitable restitution"). The monetary relief sought by plaintiff is not compensatory or punitive in nature, and thus is incidental to the injunctive remedy sought. There is no right to a trial by jury in this case.

Even when accepting the aid of an advisory jury, the court will make its own independent findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a). *See, e.g., DeFelice v. American Int'l Life Assur.,* 112 F.3d 61,

65 (2d Cir.1997) (noting that a trial court using an advisory jury must both make "its own factual findings and conclusions, in reliance upon the advisory jury's verdict if the court so chooses, and ... explain how it arrived at those findings and conclusions").

Utilization of an advisory jury is proper in the instant case, both to advise the court on the question of whether defendant gun manufacturers and distributors have created a public nuisance and, if so, to provide guidance on the nature of appropriate injunctive relief. There is no reason to deny the court in this case the benefit of the guidance of an advisory jury on both issues in this matter since it is of large moment to the safety of the residents of this district, plaintiff who claims injury, and defendants, who are selling a lawful product under substantial government regulation.

It is appropriate to take into consideration the values and standards of the community through the use of an advisory jury in determining whether the conduct of the defendant gun manufacturers and distributors illegally endangers the public health, safety, and peace. The views of an advisory jury may be "an important part of the data taken into consideration in arriving at the court's independent conclusion." *Birnbaum v. United States,* 436 F.Supp. 967, 988 (1977), *aff'd in relevant part,* 588 F.2d 319 (2d Cir.1978). This case implicates important questions of public policy, adding weight to advice from a jury representative of our diverse community.

### V. Conclusion

The parties will consult with each other and the court to select an advisory jury and to instruct it on its duties.

SO ORDERED.